■ ALLSTATE INSURANCE COMPANY, Respondent, v. ALFRED SZEGO et al., Defendants, and NATIONWIDE INSURANCE COMPANY et al., Appellants.— In an action for a declaratory judgment and other incidental relief, the appeal is from a judgment of the Supreme Court, Suffolk County, entered January 26, 1971 after a nonjury trial, in favor of plaintiff against defendant Nationwide Insurance Company. Appeal by defendant Alba dismissed, without costs. The judgment is not against her and therefore she has no standing to appeal therefrom. Judgment reversed, on the law, with costs to appellant Nationwide, and complaint dismissed as against defendant Nationwide Insurance Company, without prejudice to an application by plaintiff, in the separate proceeding which it instituted for a stay of arbitration, to continue the stay that was granted therein, as hereinbelow indicated. In March, 1969 a pickup truck owned by defendant Alba and operated by defendant Tyson collided with an automobile owned and operated by defendant Alfred Szego, in which defendant Augusta Szego was a passenger. The Szego car was insured by plaintiff, Allstate Insurance Company; and the Alba vehicle was insured by defendant Nationwide Insurance Company. Nationwide agreed to defend its named policyholder, Alba, but disclaimed as to Tyson, claiming he had exceeded his permission to operate the truck. Szego thereupon made claim against his own carrier, Allstate, contending that the Alba truck was an uninsured vehicle by virtue of the Nationwide disclaimer. Allstate denied liability to its insured under the uninsured motorist provisions of its policy and moved for a stay of arbitration. The court granted the stay on condition that Allstate institute an action for a declaratory judgment to determine the issue. Accordingly, Allstate commenced the present action for judgment declaring that Nationwide's policy was in full force and effect at the time of the accident, that its disclaimer was invalid,

that it was bound to defend Alba and Tyson in any action brought by the Szegos arising out of the accident and to pay any judgment (within the limits of the policy) recovered therein against Alba and Tyson and that Allstate is not obligated under its policy to arbitrate its dispute with the Szegos or to defend them in any action arising out of the accident. After trial on the issue of whether Tyson had operated the Alba pickup truck with the permission of its owner, the trial court found that Nationwide's purported disclaimer was invalid in that, at the time of the accident, Tyson had Alba's express permission to use the truck and had not exceeded the permission given. In our opinion a declaratory judgment is not appropriate in the present case. The issue as to whether Tyson exceeded the permission given him to use the truck is necessarily one to be determined on the trial of any personal injury or property damage action brought by the Szegos against defendant Alba, who is insured by Nationwide. The policy in this State has been to deny a declaratory judgment in insurance liability cases where the matter in dispute can be determined in the basic negligence action, but to permit the action for declaratory judgment when the dispute is such that it depends on matters outside of the negligence action or which will not arise in it as part of the lawsuit (*Nationwide Mut. Ins. Co.* v. *Dennis,* 14 A D 2d 188, 189). The present case falls into the former group. The complaint in this action should therefore have been dismissed, but without prejudice to an application by plaintiff, Allstate, in its special proceeding, to continue the stay heretofore granted therein, pending the resolution of the fact issue as to permissive use of the Alba vehicle in a negligence action arising out of the accident, brought against Alba by or on behalf of the Szegos. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.