◼ MICHAEL SENIUK, Individually and as Sheriff of Nassau County, et al., Respondents, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.—In an action to declare that defendant has the duty to defend and indemnify plaintiffs in an action against them for personal injuries, defendant appeals from (1) a judgment of the Supreme Court, Nassau County, entered January 3, 1980, which, *inter alia,* granted plaintiffs summary judgment, (2) a further judgment of the same court, entered February 7, 1980, which awarded plaintiffs attorney's fees, costs and disbursements, and (3) stated portions of a resettled judgment of the same court, entered March 24, 1980. Appeal from the judgment entered January 3, 1980 dismissed as academic. That judgment was superseded by the resettled judgment. Judgment entered February 7, 1980 affirmed, and resettled judgment affirmed insofar as appealed from. Plaintiffs are awarded one bill of $50 costs and disbursements. The plaintiff in the underlying action alleged that the Sheriff's Department of Nassau County negligently deprived him of medical care, resulting in an aggravation of his injuries. This constituted an "occurrence" under the insurance policy in question which defines occurrence as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the Insured" (see *McGroarty v Great Amer. Ins. Co.,* 36 NY2d 358; *Matter of Schechter v State Ins. Fund,* 6 NY2d 506). The question of whether the Sheriff's department acted negligently or intentionally should be determined at the trial of the underlying action (see *Torcivia v United States Fid. & Guar. Co.,* 52 AD2d 944; *Allstate Ins. Co. v Szego,* 38 AD2d 736; *Nationwide Mut. Ins. Co. v Dennis,* 14 AD2d 188). Special Term's award of attorney's fees was reasonable (see *Royal Globe Ins. Co. v Dinan,* 42 Misc 2d 595). Damiani, J. P., Lazer, Mangano and Cohalan, JJ., concur.