STATE FARM FIRE AND CASUALTY COMPANY, Appellant, v DAVID JOSLYN et al., Respondents. (Action No. 1.) JAMES R. HUERTER, Plaintiff, v DAVID JOSLYN, Defendant. (Action No. 2.) — Appeals (1) from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered January 5, 1983 in Montgomery County, which granted defendants' motion to dismiss the complaint in action No. 1, and (2) from an order of said court, entered February 2, 1983 in Saratoga County, which vacated the stay issued in action No. 2. This appeal arises out of a physical altercation that occurred between two motorists who had stopped their vehicles at a highway intersection. During the incident, James Huerter was struck about the head and injured by David Joslyn. Criminal and civil actions were subsequently instituted against Joslyn. He pleaded guilty to assault in the third degree. In the civil suit, causes of action in negligence and assault were asserted against him. Because only the negligence cause of action is covered under Joslyn's insurance policy, his insurer, State Farm Fire and Casualty Company, brought a declaratory judgment action to determine whether Huerter's injuries were occasioned by negligence or assault. Action No. 2, the tort action initiated by Huerter, was stayed pending the court's determination of the declaratory judgment action. As Special Term observed in dismissing the declaratory judgment action and vacating the stay in action No. 2, this case falls squarely within the ambit of *Prashker v United States Guar. Co.* (1 NY2d 584), where the Court of Appeals concluded that it would be premature to decide in a declaratory judgment action which of the different

theories of liability advanced in the underlying tort action will ultimately be proven. Since the matter in dispute (whether Joslyn's conduct constituted negligence or assault or both) can be determined in the principal tort action, dismissal of the declaratory judgment action as premature was appropriate (*Hollander v Nationwide Mut. Ins. Co.*, 60 AD2d 380, 382, mot for lv to app den 44 NY2d 646); it has the salutary consequence of eliminating the need for separate factual trials because a plenary trial of the tort action will be dispositive of the coverage issue. Orders affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.