■ TOWN OF CLARKSTOWN, Respondent-Appellant, v BOSTON OLD COLONY INSURANCE COMPANY et al., Appellants-Respondents. — In an action to recover moneys on certain insurance policies, defendants separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Rockland County (Beisheim, J.), dated November 9, 1983, as granted plaintiff Town of Clarkstown's motion for partial summary judgment against defendant Boston Old Colony Insurance Company (Boston) on the issue of liability, and plaintiff cross-appeals from so much of the same order as denied so much of its motion

as sought partial summary judgment against Boston on the issue of damages. ¶ Appeal by defendant Aetna Casualty and Surety Company dismissed, since it is not aggrieved by the order (CPLR 5511). ¶ Order modified, on the law, by deleting the provision which denied so much of plaintiff's motion as sought partial summary judgment on the issue of damages, and substituting therefor a provision granting plaintiff's motion in its entirety. As so modified, order affirmed, and matter remitted to the Supreme Court, Rockland County, for the entry of an appropriate judgment in accordance herewith. ¶ Plaintiff is awarded one bill of costs, payable by defendants appearing separately and filing separate briefs. ¶ Boston issued a general comprehensive insurance policy to plaintiff covering plaintiff's landfill operation. This policy covered the period from July 1, 1973 to July 1, 1976. Codefendant Aetna Casualty and Surety Company (Aetna) issued a similar comprehensive insurance policy to plaintiff, which, as renewed, covered the same landfill operation for the period from July 1, 1976 to July 1, 1980. A lawsuit was commenced against plaintiff on or about February 13, 1975 for flood damage to property adjacent to the landfill. Following a nonjury trial of the lawsuit, the Supreme Court, Rockland County (Martin, J.), determined that plaintiff was liable for the property damage in the sum of $36,000 per year computed from February 13, 1975 to November 20, 1979, plus interest and costs, for a total amount of $212,967.45. Both defendants disclaimed on their respective insurance policies and plaintiff brought this action to recover, *inter alia,* the amount it paid on the judgment, specifically moving against Boston for partial summary judgment for that amount. Special Term granted the motion against Boston on the issue of liability but denied it as to damages apparently on the ground that the issue of liability and damages as to Aetna, which had not been made a party to the motion, was still to be resolved. ¶ Special Term properly granted plaintiff's motion on the issue of liability; Boston is estopped from denying insurance coverage on grounds either not raised or already decided in the underlying action (see *Seniuk v United States Fid. & Guar. Co.,* 78 AD2d 637; *Matter of Town of Huntington v Hartford Ins. Group,* 69 AD2d 906). ¶ On the other hand, we perceive no reason for Special Term to have denied partial summary judgment as to damages owed by Boston. Damages were heretofore assessed against plaintiff in the amount of $36,000 per year for the period from February 13, 1975 to November 20, 1979. By terms of its insurance policy, Boston was liable for damages "while this endorsement is in force", or the period up to July 1, 1976. Nor would damages eventually assessed against Aetna (if any) have any bearing on the amount payable by Boston, as Special Term apparently believed. The time periods of the two subject policies were mutually exclusive and the portion of the judgment to be paid by Boston is independent of any portion payable by the other company. ¶ Since the damages as covered by Boston's policy were a matter of calculation without need for further factual determination, Special Term should have granted partial summary judgment as to damages. We remit for such a calculation and entry of an appropriate judgment. Bracken, J. P., O'Connor, Niehoff and Boyers, JJ., concur.