(November 26, 1985)

■ FIRST STATE INSURANCE COMPANY, Respondent, v J & S UNITED AMUSEMENT CORP. et al., Defendants, and ANGEL OCASIO, an Infant, by His Mother and Natural Guardian, MAGDALIA OCASIO, et al., Appellants.—Order of the Supreme Court, New York County (Greenfield, J.), entered September 26, 1984, which denied defendants-appellants' motion for summary judgment, is reversed, on the law, the motion for summary judgment is granted and the complaint is dismissed, with costs.

A declaratory judgment action was brought by the respondent insurance company to determine whether it was required to defend its insured, the appellants, in a personal injury action brought by the infant appellant and his mother. The infant was injured on June 1, 1979, at a street festival in New York City when he slipped and fell under a "swinging gym" that he had been helping to operate. The swinging gym was supplied by J & S Amusement Corp., a New Jersey corporation, and owned by Fred McDaniel, a New Jersey resident. The respondent had issued an insurance policy covering the swinging gym and other rides owned by J & S, which con-

tained certain exclusions, namely that the policy is inapplicable where: liability under "any workmen's compensation * * * or disability benefits law" may lie; bodily injury to any employee of the insured occurs during the course of employment by the insured; and, injuries or property damage are caused or contributed to by an under-aged employee.

Respondent was served with a complaint in New York and then commenced a declaratory judgment action in New Jersey claiming that it was not obligated to defend its insured because the complaint set forth a theory of liability based on an employer-employee relationship which, under the terms of the policy, was excluded from coverage. The New Jersey court ruled in favor of respondent.

Appellants were granted leave to amend the New York complaint. The amended complaint alleged that the boy did not have valid working papers and that his injuries were due to J & S' negligence. Respondent sought a second declaratory judgment in New Jersey Superior Court; however, neither appellants nor the other defendants were given notice of this action and did not appear. The New Jersey court declared that an employer-employee relationship did exist and therefore respondent had no duty to defend or indemnify J & S. Because of the failure of notice and consequent lack of appearance, the New Jersey court's decision has no binding effect.

The instant declaratory judgment action was brought on August 5, 1983. The respondent argued that the second New Jersey ruling should be given full faith and credit by the New York courts and thus have the effect of res judicata and collateral estoppel. Respondent further argued that by virtue of the policy exclusions it was relieved of a duty to defend or indemnify J & S for the infant's injury.

A declaratory judgment should not be granted where it would effectively be nothing more than an advisory opinion. *(State Farm Fire & Cas. Co. v LiMauro,* 103 AD2d 514.) Such relief is deemed premature in cases where a final determination on the underlying theories of liability has not been made. *(Prashker v United States Guar. Co.,* 1 NY2d 584, 591; *cf. Harris v Iannaccone,* 107 AD2d 429, 431, *affd on opn below,* 66 NY2d 728.) The instant case falls within the ambit of *Prashker* and its progeny. *(See, e.g., New York Public Interest Research Group v Carey,* 42 NY2d 527; *State Farm Fire & Cas. Co. v Joslyn,* 99 AD2d 631-632.) Factual determinations are yet to be made regarding the relationship of the infant to J & S, and whether the infant's injury is covered by the policy. Because of the possibility of inconsistent findings in this

declaratory action and the principal personal injury action, this court finds it to be premature for a declaratory judgment. Resolution of this issue is available to the respondent through the remedy of the special verdict at trial. (CPLR 4111 [a], [b].) Concur—Murphy, P. J., Kupferman, Ross, Bloom and Rosenberger, JJ.