**STATE FARM FIRE AND CASUALTY CO., Plaintiff,**

v.

**Joseph POOMAIHEALANI, Jr., Faye Kaleo and Richard Kaleo, Defendants.**

**Civ. No. 86–0112.**

United States District Court, D. Hawaii.

April 17, 1987.

William W. Ramos-Saunders, Goodsill Anderson Quinn & Stifel, Honolulu, Hawaii, for plaintiff.

Benjamin Menor, Ron Menor, Weinberg & Bell, Jan M. Weinberg, Ashley K. Fenton, Honolulu, Hawaii, for defendants.

ORDER GRANTING POOMAIHEALANI'S MOTION TO STAY AND GRANTING IN PART AND DENYING IN PART STATE FARM'S MOTION FOR SUMMARY JUDGMENT

KAY, District Judge.

On July 6, 1983, Mrs. Faye Kaleo (hereinafter referred to as "Kaleo") confronted

her neighbor, Mr. Joseph Poomaihealani, Jr. (hereinafter referred to as "Poomaihealani"), regarding the conduct of Poomaihealani's son. Kaleo crossed into Poomaihealani's yard, bumped him, pointed, shook her hand in his face and began yelling at him. Poomaihealani allegedly believed that Kaleo was about to strike him, warned her that he would strike her if she did not stop, tried to leave three times, and eventually slapped her with an open hand and pushed her.

Although Poomaihealani was acquitted of the criminal charge of assault in state court, he admitted at his deposition that he struck Kaleo intentionally. State Farm does not dispute the existence of an issue of fact as to whether the action was in self-defense.

Poomaihealani was arrested and acquitted of the criminal charge of assault. Kaleo filed a tort action in state court which alleges that Poomaihealani negligently and/or intentionally injured Kaleo by striking her in the face. The trial is set for the week of June 1, 1987.

At the state court trial, Poomaihealani intends to ask that the jurors be instructed on the law of self-defense and comparative negligence and for a special verdict form as to whether Poomaihealani's conduct was willful or merely reckless or negligent.

State Farm issued a homeowner's insurance policy to Poomaihealani. The policy obligates State Farm to defend and indemnify Poomaihealani for personal liability. But the policy excludes "bodily injury or property damage which is expected or intended by the insured." [1]

Based upon this policy, State Farm retained separate counsel to defend Poomaihealani in state court, and filed the present declaratory action in federal court. State Farm asks this court to determine whether Poomaihealani's actions were intentional within the meaning of the exclusion clause. Trial in this case is set for May 5, 1987.

Poomaihealani sets forth two reasons for staying or dismissing the action: 1) the acquittal in criminal court bars the relitigation of the issue of intent by *res judicata;* and 2) the pending state tort action will determine the ultimate issue in the declaratory judgment action, justifying a stay in this case.

State Farm argues that Poomaihealani intentionally struck Kaleo, the natural and probable consequence of which was to injure. Therefore, the intentional injury exclusion of the insurance policy applies, and Poomaihealani is not covered by State Farm's policy.

### A. *Res Judicata*

■ Poomaihealani argues that the acquittal in criminal court bars relitigation of intent in this court. In order to assert *res judicata* or collateral estoppel, the moving party must affirmatively answer three questions:

(1) Was the issue decided in the prior action identical with the issues presented in the present action? (2) Was there a final judgment on the merits in the prior action? (3) Was the party against whom the doctrine is asserted a party or in privity with a party to the previous adjudication?

*Silver v. Queen's Hospital,* 63 Hawaii 430, 436, 629 P.2d 1116 (1981). *See also Morneau v. Stark Enterprises, Inc.,* 56 Hawaii 420, 539 P.2d 472 (1975).

*Res judicata* based upon the criminal trial is inapplicable to the present case. First, the State of Hawaii was required to prove intent beyond a reasonable doubt in the criminal case. In the present action, State Farm need only show that the actions were intentional by a preponderance of the evidence.

Second, State Farm was not a party or in privity with a party to the prior action. Therefore, State Farm has not yet had an opportunity to litigate the question.

Finally, although a conviction is *prima facie* evidence of the conduct in a later civil

---

**1.** Section II, ¶ 1 states: Coverage L—Personal Liability and Coverage M—Medical Payments to Others do not apply to:

a. bodily injury or property damage which is expected or intended by the insured.

trial, an acquittal is not admissible to prove the lack of conduct. *Mew Sun Leong v. Honolulu Rapid Transit Co.,* 52 Hawaii 138, 472 P.2d 505 (1970); *Asato v. Furtado,* 52 Hawaii 284, 474 P.2d 288 (1970).

### B. *Stay of Declaratory Action*

 Where the underlying tort suit will decide the identical issue in the declaratory action, the court has the discretion to stay the declaratory action pending completion of the tort suit. *State Farm Fire and Cas. Co. v. Joslyn,* 99 A.D.2d 631, 472 N.Y.S.2d 200 (1984); *Allstate Ins. Co. v. Szego,* 38 A.D.2d 736, 329 N.Y.S.2d 223 (1972); *Hartford Ins. Group v. District Court for Fourth Judicial Dist.,* 625 P.2d 1013 (Colo.1981); *Truck Ins. Exchange v. Marks Rentals, Inc.,* 288 Md. 428, 418 A.2d 1187 (1980); *Allstate Ins. Co. v. Fisher,* 31 Cal.App.3d 391, 107 Cal.Rptr. 251 (1973); *Employers' Fire Ins. Co. v. Beals,* 103 R.I. 623, 240 A.2d 397 (1968); *and State Automobile & Cas. Underwriters v. Gardiner,* 189 Kan. 544, 370 P.2d 91 (1962).[2]

The insured should not be required to argue the same issues in both federal and state court. The parties, as well as the court, would waste time and resources by litigating the same issues twice. The federal courts also lack any significant federal interest in deciding the state law issues which predominate in this case. Indeed, the preferable forum for the resolution of these issues is in state court.

Furthermore, the injured party should be allowed to control her own case. A court will generally decide a declaratory judgment motion before a tort action trial is heard. By deciding this declaratory judgment motion, the court takes the lawsuit out of the control of the injured party's hands and places it into the insurance carrier's. Therefore, the victim is prevented from controlling the progress of her case and is deprived of her right to trial by jury.

Contrary to the plaintiff's contentions, the issues in the underlying tort action are similar to the issues in the declaratory judgment action. The two major issues in the declaratory action are intent and self-defense. Intent is a necessary finding in order for Kaleo to recover punitive damages in state court. Self defense is an affirmative defense which Poomaihealani will assert in the tort suit.

State Farm fears that the parties will not litigate the issue of intent. The fear, however, is not substantiated by any evidence in the record.

Therefore, the court grants Poomaihealani's Motion to Stay the Declaratory Action. *See State Farm Fire and Cas. Co. v. Joslyn,* 99 A.D.2d 631, 472 N.Y.S.2d 200 (1984); *Employers' Fire Ins. Co. v. Beals,* 103 R.I. 623, 240 A.2d 397 (1968) (declaratory action stayed pending assault and battery tort case).

Finally, the court notes that the doctrine of abstention may be applicable.

> This court has long held that a district judge has discretion to decline jurisdiction in favor of pending state court litigation when a party seeks to use the Declaratory Judgment Act to deprive a plaintiff of his choice of forum or to encourage a race to judgment.

*TransAmerica Occidental Life Ins. Co. v. DiGregorio,* 811 F.2d 1249, 1253 (9th Cir. 1987). Although State Farm is not a party to the underlying lawsuit, the rationale in favor of abstention is persuasive for staying the present action. A single court should coordinate the administration of the case, and decide [the decide] the various issues involved. Under the present facts and circumstances, that forum is the state court. Therefore, this court, in its discretion, declines to proceed with the federal lawsuit until the state trial has been completed. *See Fern v. Turman,* 736 F.2d 1367, 1370 (9th Cir.1984) (a court may properly decline to entertain a declaratory relief

---

**2.** Plaintiff's citation to *Great Southwest Fire Ins. Co. v. H.V. Corp.,* 3 Hawaii App. 664, 658 P.2d 337 (1983) is not persuasive. The Hawaii Intermediate Court of Appeals merely held that when the insurer disputes coverage, the insurer may defend the insured and file a separate declarato-ry action to determine the extent of coverage and the existence of a duty to defend. The decision is silent as to whether the second lawsuit should be stayed when the underlying suit and the declaratory action involve identical issues.

claim when a similar case is pending in state or federal court).

## C. Self-Defense

■ Although the declaratory action is stayed, the court will decide State Farm's Cross Motion for Summary Judgment on the merits since it involves the issue of insurance coverage which is before this court but not before the state court. The parties will then better understand the basis upon which this suit may continue after the underlying tort action is completed.

The evidence is undisputed that Poomaihealani intentionally hit Mrs. Kaleo. Although the Hawaii state courts have not spoken on the issue, the case authorities in other jurisdictions hold that an injury is intentional or expected under the exclusion clause if the action was intentional and an injury was the "natural and probable consequence." *Steinmetz v. National American Ins. Co.*, 121 Ariz. 268, 589 P.2d 911 (Ariz.App.1979). *See also Transamerica Ins. Co. v. Cannon-Lowden Co.*, 400 F.Supp. 817, 818 (D.Mont.1975) (whether the action will "almost certainly cause an injury"); *Grange Mutual Casualty Co. v. Thomas*, 301 So.2d 158, 159 (Fla.App.1974) (whether the injury flows "naturally and foreseeably" from the action).

However, the justification for inferring intent is not necessarily applicable in cases of self-defense. The aforementioned cases did not involve self-defense, and therefore are not dispositive of this lawsuit. *Transamerica Ins. Group. v. Meere*, 143 Ariz. 351, 694 P.2d 181 (1984).

In this case, there is a genuine issue of material fact as to whether Poomaihealani's actions were in self-defense. The court finds that actions taken in self-defense are not excluded from coverage under the insurance policy.

Some courts apply a mechanical interpretation of the insurance policy to find that an insurance company need not even de-

fend the insured in cases of self-defense. *Brown v. St. Paul Fire & Marine Ins. Co.*, 177 Ga.App. 215, 338 S.E.2d 721 (1985); *Clemmons v. American States Ins. Co.*, 412 So.2d 906 (Fla.App.1982); *Mitchell v. State Nat. Life Ins. Co.*, 406 So.2d 777 (La.App.1981); *Home Ins. Co. v. Neilsen*, 165 Ind.App. 445, 332 N.E.2d 240 (1975); *Western World Ins. Co., Inc. v. Harford Mut. Ins. Co.*, 784 F.2d 558 (4th Cir.1986) (utilizing Maryland law); *Allstate Ins. Co. v. Cannon*, 644 F.Supp. 31 (E.D.Mich.1986); and *Allstate Ins. Co. v. Simms*, 597 F.Supp. 64 (D.Or.1984).[3]

Other jurisdictions and this court do not find this mechanical interpretation appropriate. *See Western Fire Ins. Co. v. Persons*, 393 N.W.2d 234 (Minn.App.1986); *Preferred Mut. Ins. Co. v. Thompson*, 23 Ohio St.3d 78, 23 Ohio B.R. 208, 491 N.E.2d 688 (1986); *Fire Ins. Exchange v. Berray*, 694 P.2d 191 (1984); *Transamerica Ins. Group v. Meere*, 694 P.2d 181 (1984); *Allstate Ins. Co. v. Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981); *Walters v. American Ins. Company*, 185 Cal.App.2d 776, 8 Cal. Rptr. 665 (1960); and *Allstate Ins. Co. v. Harris*, 445 F.Supp. 847 (N.D.Cal.1978).

The Hawaii state courts have not addressed this issue. This court, therefore, "must use its best judgment in predicting how the state's highest court would decide the case." *Takahashi v. Loomis Armored Car Service*, 625 F.2d 314, 316 (9th Cir. 1980).

Public policy is not served by denying coverage. "The insured who acts in self-defense does so only as a *reaction* to his attacker, and any injuries suffered by the attacker are not the result of the insured's misconduct." *Preferred Mutual Ins. Co. v. Thompson*, 491 N.E.2d at 691 (emphasis in original). When faced with a harm-threatening situation, the decision to defend one's self is not a choice. It is an instinctive necessity. It would be ironic to exonerate an individual on the basis of self-defense but deny him insurance cover-

---

**3.** The court notes that some of these cases, as well as plaintiff, rely upon the Arizona Appellate Court's decision in *Lockhart v. Allstate Ins. Co.*, 119 Ariz. 150, 579 P.2d 1120 (Ariz.App.1978). *Lockhart,* however, has been disapproved by the

Arizona Supreme Court. *Transamerica Ins. Group v. Meere*, 143 Ariz. 351, 694 P.2d 181 (1984). *See also Fire Ins. Exchange v. Berray*, 143 Ariz. 361, 694 P.2d 191 (1984).

age of the costs of defense; yet allow insurance coverage to a person who negligently causes injury. Self defense negates criminal intent, *State of Hawaii v. Miyahira*, 721 P.2d 718 (Haw.App.1986), and public policy requires a similar answer in insurance law.

Furthermore, the rationale for the intentional injury exclusion is inapplicable to cases of self-defense. The exclusion "prevents individuals from purchasing insurance as a shield for their *anticipated intentional misconduct.* Without such an exclusion, an insurance company's risk would be incalculable. An act of self-defense, however, is neither anticipated nor wrongful from the standpoint of the insured." *Preferred Mutual Ins. Co. v. Thompson*, 491 N.E.2d at 691 (emphasis in original).

The Arizona Supreme Court granted review in *Transamerica Ins. Group v. Meere*, 694 P.2d 181 (1984) and in *Fire Insurance Exchange v. Berray*, 694 P.2d 191 (1984) to settle a conflict in the court of appeals' decisions. The court set forth the following analysis:

> We believe, however, that when the factors involving public policy and the purpose of the contractual exclusion are considered, the proper interpretation of the clause in question is that it excludes indemnification or coverage when the insured intentionally acts *wrongfully* with a purpose to injure. When he acts wrongfully, he commits an intentional tort by performing an act designed to inflict injury. He will not be allowed under such circumstances to deny a basic intent demonstrated by his acts. Nor will he be allowed to escape from the exclusionary clause by claiming that he did not intend the precise injury—in character or magnitude—that in fact occurred. However, if the insured can show facts which might establish that he acted with privilege (as in a sports injury case, for instance) or under claim of right recognized by law (as in self-defense), he will be permitted to explain his subjective intent, and it will be for the fact finder to determine whether he had an underlying purpose to injure. The basic question is

whether the conduct which led to the blow was intentionally wrongful from the viewpoint of the law of torts.

*Transamerica Ins. Group v. Meere*, 694 P.2d at 189 (emphasis in original) (citations omitted). The Arizona court then concluded that if the trier of fact determines that the insured was the aggressor and acted wrongfully by striking the plaintiff without legal justification, the basic intent to injure would be presumed and the exclusion would apply. On the other hand, if the finder of fact determines that the insured's conduct was not intentionally wrongful, but that he acted instead in self-defense with no basic purpose to injure, the exclusion would not apply (and presumably the judgment in the tort case would be in insured's favor). If the jury finds that the insured acted in self-defense with no basic intent to harm the plaintiff, but negligently used force greater than necessary in self-defense, then the insured may be liable for damages on account of such negligence and such liability would fall within the coverage of the policy and not within the exclusion. *Id.* at 189–90.

Moreover, a reasonable person would find, at the least, an ambiguity as to whether the policy covered situations of self-defense. Ambiguities in insurance policies are construed strictly against the insurance company. *Government Employees Ins. Co. v. Franklin for Franklin*, 66 Hawaii 384, 662 P.2d 1117 (1983).

Under Hawaii law, an insurance company has a duty to defend whenever the potential for indemnification liability arises under the terms of the policy. The duty to defend arises from not only the pleadings but also from facts reasonably ascertainable from the insurer's own independent investigation. The duty to defend exists even where the possibility of indemnification is remote. *See Standard Oil Co. of Cal. v. Hawaiian Ins. & Guaranty Co., Ltd.*, 65 Hawaii 521, 527, 654 P.2d 1345 (1982).

Therefore, if it appears Poomaihealani's actions were in self-defense, State Farm is required under the insurance policy to defend him in state court.

**710**

#### D. *Bad Faith Claims*

Poomaihealani has counterclaimed against State Farm on various theories which question whether State Farm reasonably filed the present declaratory action.

However, State Farm has provided a defense for Poomaihealani in the underlying tort action. Because State Farm questioned whether coverage existed, it filed the present declaratory action. The facts established in the present case show that a reasonable question exists as to coverage.

Poomaihealani has submitted no evidence indicating why State Farm's actions were improper. Indeed, Poomaihealani presented no opposition on this issue. Therefore, the court grants summary judgment on the bad faith claims in the counterclaim.

Accordingly, IT IS HEREBY ORDERED that plaintiff State Farm Fire and Casualty Co.'s Cross Motion for Summary Judgment is GRANTED with respect to the bad faith counterclaims, and DENIED as to the declaratory judgment request. IT IS FURTHER ORDERED that defendant Poomaihealani's Motion to Stay Proceedings or, in the Alternative Motion for Partial Summary Judgment is GRANTED with respect to the request for stay, and DENIED with respect to the res judicata issue.