513 So.2d 788 (1987)
REINMAN, Incorporated, Appellant,
v.
PREFERRED MUTUAL Insurance Company, Appellee.
No. 86-1701.
District Court of Appeal of Florida, Third District.
October 13, 1987.
Clifford B. Selwood, Jr., Ft. Lauderdale, and Steven R. Berger and William G. Liston, Miami, for appellant.
Lanza & O'Connor, Coral Gables, James C. Blecke and Susan S. Lerner, Miami, for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Javier Caban, in another action, brought suit against Reinman for injuries allegedly caused by a diving belt manufactured by Reinman. The complaint was based on theories of strict liability, negligence and breach of implied warranty. Reinman made a demand on Preferred Mutual, its insurer, for a defense of the claim and indemnity. Preferred refused and brought this action for a Declaratory Judgment. Reinman filed an answer and counterclaim alleging, inter alia, that the contract was ambiguous or did not exclude products liability coverage. Reinman brings this appeal from a judgment which declares that on the pleadings there was neither coverage nor a duty to defend.
The trial court based its ruling on a provision in the insurance agreement which excludes coverage for "bodily injury or property damage included within the Completed Operations Hazard or the Products Hazard," notwithstanding that the technical terms are of uncertain meaning. Where particular words or phrases used in insurance contracts are "ambiguous," that is, doubtful as to meaning or capable of having more than one meaning, extrinsic evidence may be introduced to explain the ambiguity. Significantly, the contract provides no definition of the terms "Completed Operations Hazard" and "Products Hazard." The absence of a definition of the key terms presents an issue of fact. See Friedman v. Virginia Metal Prods. Corp., *789 56 So.2d 515 (Fla. 1952); Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981). The question is not new. In a similar case it was held that the insurer was not entitled to a judgment as a matter of law where a clause in the liability insurance contract excluding coverage for "products-completed operations" did not define the terms. See Nixon v. United States Fidelity & Guar. Co., 290 So.2d 26 (Fla. 1973).
On another point, Reinman alleged in its pleadings that it relied on the representations of the insurer's agent that full and complete protection would be provided and that the insurer and its agent negligently failed to provide such coverage. When considering a motion for judgment on the pleadings, a court can only look to the pleadings and must take all material allegations of the opposing party as true. Shay v. First Fed. of Miami, Inc., 429 So.2d 64 (Fla. 3d DCA 1983). The movant's disputations of the well-pleaded allegations in the complaint, on the agency issue, are irrelevant. See N.E. at West Palm Beach v. Horowitz, 471 So.2d 570 (Fla. 3d DCA 1985) (improper to consider defenses or the sufficiency of the evidence which a party is likely to produce in reviewing whether pleadings state cause of action).
Finally, the duty of an insurer to defend the insured is governed by the allegations made in the complaint against the insured and is more extensive than the duty to indemnify. Keller Indus. v. Employers Mut. Liability Ins. Co. of Wisconsin, 429 So.2d 779 (Fla. 3d DCA 1983). If some of the allegations in the pleadings bring the claim within the policy's coverage, as is easily the case here, the insurer has a duty to defend. See Federal Ins. Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979). Looking only to the pleadings and accepting the nonmoving party's allegations therein as true, Shay, 429 So.2d 64, the insurer's motion for judgment on the pleadings should have been denied.
Reversed and remanded.