**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**Manuel CALVO, Laudelina Calvo, his wife, and Luis M. Calvo, their son, Defendants/Counter–Plaintiffs,**

v.

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Counter–Defendant.**

No. 88–0815–Civ.

United States District Court, S.D. Florida.

Dec. 16, 1988.

Arthur J. Laplante, Miami, Fla., for plaintiff.

Steven Rudin, Miami, Fla., for defendants/counter-plaintiffs.

## ORDER

NESBITT, District Judge.

This cause is before the Court upon the September 19, 1988 motion of Defendant/Counter–Plaintiffs Laudelina Calvo and Luis M. Calvo ("Calvo") for summary judgment arising from a declaratory judgment action brought by a homeowner's insurer against its insured.

## I. FACTS

In July 1985, Luis M. Calvo was involved in an altercation with Angelo Leonidis arising out of an incident in which Leonidis allegedly attacked Calvo's girlfriend. Calvo in retaliation struck Leonidis, who died several days later, allegedly as a result of subsequent medical malpractice by the treating physicians.[1] Calvo is a defendant in the personal injury action *Anna Munno Mannarella as Personal Representative of the Estate of Angelo Leonidis v. Luis M. Calvo*, Case No. 87–25884 CA 01 (Dade County Circuit Court), for his alleged negligent conduct in the incident. Plaintiff/Counter–Defendant Prudential Property and Casualty Insurance Company ("Prudential") is presently defending Calvo in

---

1. A medical malpractice suit is pending by Leonidis' estate in Florida state court.

that action under their insurance agreement. Prudential in this declaratory action contends that Calvo's intentional acts negate Prudential's duty to defend Calvo and to provide indemnity coverage in the state court action. The policy provision in question provides that Prudential is not liable for "bodily injury or property damage ... which is expected or intended by the insured." Thus, Prudential argues that it has no duty to either defend Calvo or provide him with coverage. Calvo has counterclaimed for declaratory relief as well.

## II. DISCUSSION

Calvo seeks summary judgment as to two issues: (1) Prudential's duty to *defend* the insured in a pending state court action, and (2) Prudential's duty to *provide coverage* for the claims alleged in the state court proceeding. In the alternative, Calvo seeks summary judgment as to Prudential's duty to defend, and a dismissal or stay of Prudential's duty to provide coverage pending resolution on the merits of the underlying state court action.

Under Florida law, the duty of an insurer to defend its insured is governed by the allegations contained in the underlying complaint against the insured. *Reinman, Inc. v. Preferred Mutual Insurance Co.,* 513 So.2d 788, 789 (Fla. 3d DCA 1987). This duty to defend is more extensive than the duty to indemnify. *Id.* Florida courts have applied a liberal standard in determining whether the complaint triggers a duty to defend. *See, e.g., Keller Industries, Inc. v. Employers Mutual Liability Insurance Co.,* 429 So.2d 779 (Fla. 3d DCA 1983) (sufficient if *"some* allegations in the complaint *arguably* [fall] within coverage of the policy.") (emphasis added). However, it is also true that no obligation to defend the action arises when the complaint shows either the non-existence of coverage or the applicability of a policy exclusion. *Federal Insurance Co. v. Applestein,* 377 So.2d 229, 231 (Fla. 3d DCA 1979).

■ The foregoing legal standards, applied in a summary judgment context, means this court must resolve whether there exists a genuine issue of material fact with respect to Prudential's duty to defend its insured based on the allegations of the state court complaint. It is well settled that in viewing a motion for summary judgment, a court must resolve all reasonable doubts against the moving party and draw all inferences in the light most favorable to the non-moving party. *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir.1987). Applying Florida law, it is clear that some—if not all—of the allegations in the state court complaint fall squarely within the scope of the policy in question. *Cf. Applestein, supra,* 377 So.2d at 231 (summary judgment in favor of insured reversed where the allegations of the complaint *"completely negate[d]* coverage by *conclusively* establishing that the exclusion applies") (emphasis added). The state court complaint against Calvo alleges that the insured "negligently" struck the decedent, "negligently" used excessive force, and "negligently" failed to obtain medical assistance. Prudential has not produced any evidence disputing the policy's applicability with respect to the complaint, but merely argues that, looking beyond the complaint, an examination of the facts reveals that *intentional* acts were committed by the insured which would invoke a policy exclusion. Prudential points out that discovery to date has revealed that Calvo continued to attack the decedent after he had lost consciousness, an act which Prudential argues demonstrates intentional behavior. In resolving the duty to defend issue, however, the Court must look solely to the allegations in the complaint to determine the insurer's duty to defend, not the actual facts as known to or ascertainable by the insurer. *Applestein, supra,* 377 So.2d at 233. Accordingly, Calvo is entitled to summary judgment on the duty to defend issue as a matter of law.

■ With respect to the issue of whether summary judgment is appropriate with respect to Prudential's duty to provide coverage, it is clear, and Calvo does not seriously dispute, that there are many genuine issues of material fact which remain for the trier of fact, such as whether Calvo provided Prudential with notification of the underlying incident "as soon as practicable." Finally, the court deems it appropriate to stay Prudential's declaratory action

regarding coverage. *See State Farm Fire & Cas. Co. v. Poomaihealani,* 667 F.Supp. 705, 707 (D.Hawaii 1987) ("Where the underlying tort suit will decide the identical issue in the declaratory action, the court has the discretion to stay the declaratory action pending completion of the tort suit."). It would be an inefficient use of judicial time and resources to litigate these overlapping issues twice in two different forums. Further, there is a lack of a significant federal interest in deciding the state law issues which predominate in this case. *Id.* Although, based on the underlying state court complaint, there remains the possibility that the parties will not specifically address the issue of intent, this court believes that the evidence adduced at trial in the state court will bear on that issue and will amplify and clarify the issues to be decided by this court. Moreover, the federal action will be rendered moot if Calvo succeeds in his defense in the state court. Accordingly, this court, in its discretion, declines to proceed with the federal lawsuit until the state action has been resolved. In light of the foregoing, it is

ORDERED and ADJUDGED that

(1) Calvo's motion for summary judgment with respect to Prudential's duty to defend is GRANTED;

(2) Calvo's motion for summary judgment with respect to Prudential's duty to provide coverage is DENIED. Further, Prudential's declaratory action regarding the coverage issue is STAYED pending resolution of the state court proceeding.

(3) Calvo's motion filed December 9, 1988 for a continuance of the trial is DENIED as MOOT in light of ruling (2) above;

(4) Calvo's motion filed December 9, 1988 to file a second amended counterclaim is GRANTED; and

(5) Calvo's motion for summary final judgment as to Count II of the amended counterclaim is DEFERRED.

DONE and ORDERED.