**CASUALTY INDEMNITY EXCHANGE, Petitioner,**

v.

**SMALL FRY, INC. d/b/a Small Fry Educational Day Care Centers, Respondent.**

No. 88–1681–CIV.

United States District Court, S.D. Florida, Miami Division.

March 29, 1989.

Frank B. Lieppe, Tampa, Fla., for petitioner.

Greg Ross, Fort Lauderdale, Fla., for respondent.

### ORDER GRANTING SUMMARY JUDGMENT

NESBITT, District Judge.

This cause is before the Court upon the motion of Petitioner for summary judgment. Petitioner filed a declaratory relief action seeking a determination that it owes no duty to defend or indemnify Respondent.

Petitioner is currently defending Respondent in Florida state court in an action filed by a minor through her mother against Respondent for, among other things, al-

leged sexual molestation.[1] Petitioner contends that two provisions in the parties' insurance policy establish that Petitioner is relieved of either defending or indemnifying Respondent: the "assault and battery" provision (form PU1006), and the "sexual abuse exclusion" (form PU1010).

Under Florida law, the duty of an insurer to defend is more extensive than the duty to indemnify, and is governed by the allegations contained in the underlying complaint against the insured. *Reinman, Inc. v. Preferred Mutual Insurance Co.*, 513 So.2d 788, 789 (Fla. 3d DCA 1987). However, no obligation to defend arises when the complaint shows either the non-existence of coverage or the applicability of a policy exclusion. *Federal Insurance Co. v. Applestein*, 377 So.2d 229, 231 (Fla. 3d DCA 1979).

While the complaint does appear to invoke certain policy exclusions, several other allegations are asserted in the complaint which would appear to necessarily preclude summary judgment. For example, in the underlying state complaint, plaintiff alleges that, *inter alia*, Respondent was negligent by failing to adequately supervise the children, failing to provide adequate and competent personnel, and failing to provide timely and proper medical care.[2] Petitioner does not argue that such a claim for negligence would invoke a policy exclusion. Petitioner does argue, however, that plaintiff's "More Definite Statement" filed in response to an order of the state court clearly demonstrates that the minor was sexually molested, thus invoking a policy exclusion.

█ This Court must first determine whether, under Florida law, a court may consider a plaintiff's "more definite state-ment" along with the allegations of the underlying complaint when determining an insurance company's duty to defend and indemnify its insured. Florida Rule of Civil Procedure 1.140(e) provides that if a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement" before answering. The motion for a more definite statement has, for all practical purposes, taken the place of the former motion for compulsory amendment. *Augustine v. Southern Bell Tel. & Tel. Co.*, 91 So.2d 320 (Fla.1957).

This Court finds that it must read the "more definite statement" in conjunction with the complaint in resolving the pending summary judgment motion. Under Florida law, the court must look solely to the allegations in the complaint to determine the insurer's duty to defend, not the actual facts known to or ascertainable by the insurer. *See Prudential Property and Casualty Ins. Co. v. Calvo*, 700 F.Supp. 1104, 1105 (S.D.Fla.1988) (citing *Applestein, supra*, 377 So.2d at 233). Plaintiff's "more definite statement" supplements her complaint, and the allegations in the "more definite statement" are just that—allegations; they are not actual facts known to or ascertainable by the insurer.[3] The allegations are based on the knowledge of the minor in the state court action, not facts known to the insurer. Furthermore, policy reasons support the conclusion that the "more definite statement" be considered in conjunction with the complaint. Such an approach will prevent plaintiffs from drafting vague and ambiguous complaints in an attempt to avoid invoking policy exclusions which would relieve insurance companies from defending and indemnifying insureds.

---

1. The minor's mother is also suing on her own behalf in the underlying state court action.

2. Petitioner contends that Plaintiff couched the complaint in terms of negligence "to circumvent the exclusions of the subject policy of insurance, particularly that relating to sexual abuse." (Petitioner's memorandum of law in support of motion for summary judgment, filed January 10, 1989, at p. 4.)

3. In *C.A. Fielland, Inc. v. Fidelity & Cas. Co. of New York*, 297 So.2d 122, 127 (Fla. 2d DCA 1974), the court noted that if claims not originally within the scope of pleadings are later asserted which are within the insurance coverage, the insurance company would be obligated to defend. The converse suggests that the insurance company would be relieved of defending should it become apparent later that the complaint did not contain allegations subsequently asserted which negated coverage.

■ Having reviewed the complaint, more definite statement, and the insurance policy, it becomes clear that summary judgment must be entered in favor of Petitioner. The "sexual abuse exclusion" provision provides that:

> In consideration of the premium charged, it is agreed that such coverage as provided by this policy shall not apply to any claim, demand or cause of action arising out of or resulting from either sexual abuse or licentious behavior or moral or sexual behaviors intended to or culminating in any sexual act whether by or at the instigation of or at the direction of or resulting directly or indirectly from any omission by the insured, his employees, patrons or any other causes whatsoever.

This provision is unambiguous. Because the minor's cause of action "arises" from a sexual battery, Petitioner is relieved of defending or indemnifying Respondent. Respondent has not disputed that this attack was anything but sexually oriented. Moreover, it is irrelevant that the perpetrator may have been the minor's mother, as Respondent suggests may be the case, for the sexual exclusion provision would nevertheless release the insurance company, since it covers *any* claims arising out of sexual abuse resulting from "*any* ... causes whatsoever." (emphasis added).[4] It is well settled, of course, that in viewing a motion for summary judgment, a court must resolve all reasonable doubts against the moving party and draw all inferences in the light most favorable to the non-moving party. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987). Here, no genuine issue of material fact exists since the allegations in the underlying state court action completely negate coverage by conclusively establishing that the exclusion applies.

Accordingly, in light of the foregoing, it is

ORDERED and ADJUDGED that Petitioner's motion for summary judgment is hereby GRANTED. Petitioner is not required to defend nor indemnify Respondent in this action. All other motions are DENIED as MOOT.

DONE and ORDERED.

---

4. Because the Court finds the "sexual abuse exclusion" to be dispositive, it need not consider whether the assault and battery provision excludes coverage.