**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,**

v.

**TBG, INC., and Richard S. Masinton, Defendants.**

**Richard A. BENDIS, Defendant and Third–Party Plaintiff,**

v.

**David N. TURNBULL, Third–Party Defendants.**

**W. Terrance SCHREIER, Defendant and Third–Party Plaintiff,**

v.

**James E. GILMORE, Third–Party Defendant.**

**Civ. A. No. 89–2016–O.**

United States District Court, D. Kansas.

March 4, 1991.

Jerome V. Bales, Kenton M. Hall and Rodney K. Murrow, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for plaintiffs.

Michael G. Norris, Payne & Jones Chartered, Rebecca S. Yocum, Sloan, Listrom, Eisenbarth, Sloan & Glassman, J. Brett Milbourn, Linde, Thomson, Langworthy, Kohn & Van Dyke, Heather Suzanne Woodson, Stinson, Mag & Fizzell, Overland Park, Kan., John Harl Campbell, David T. Holt, Campbell & Meyers, John R. Cleary, Robert J. Bjerg, Linde, Thomson, Langworthy, Kohn & Van Dyke, George E. Feldmil-

ler, Stinson, Mag & Fizzell, Kansas City, Mo., and Herbert E. Milstein, Lisa M. Mezzetti and Daniel S. Sommers, Cohen, Milstein, Hausfeld & Toll, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on: (1) defendant/third-party plaintiff Richard A. Bendis' motion to dismiss or stay; (2) defendant/third-party plaintiff W. Terrance Schreier's motion to dismiss or stay; and (3) plaintiff State Farm Fire and Casualty Company's ("State Farm's") motion to bifurcate or sever. State Farm filed this action seeking a declaratory judgment that certain of its policies issued to Bendis and Schreier do not provide for defense or coverage of the claims asserted against Bendis and Schreier in *TBG, Inc. v. Bendis, et al.*, No. 89–2423–O (D.Kan.). For the reasons set forth below, the court will grant Bendis' and Schreier's motions to stay and deny State Farm's motion to bifurcate or sever.

## BACKGROUND

Bendis and Schreier are former principals and shareholders of Continental Healthcare Systems, Inc. ("CHSI"), a corporation engaged in the business of developing and marketing computer-based information systems for hospitals and other health care providers.

In June of 1986, TBG, Inc. ("TBG"), entered into a merger and acquisition agreement with CHSI. Pursuant to the terms of the agreement, TBG acquired all of the stock of the company, including that held by Bendis and Schreier.

On June 8, 1988, TBG filed a complaint against Bendis, Schreier, and others, in the United States District Court for the Southern District of New York, alleging claims under the federal securities laws and state common laws. The case ("TBG lawsuit")
was subsequently transferred to this court and is currently pending.

During their tenure at CHSI, Bendis and Schreier independently purchased Personal Liability Umbrella Policies ("PULP's") from State Farm.[1] Subsequent to the filing of the TBG lawsuit, both Bendis and Schreier have made claims under their respective PULP's seeking coverage for the claims asserted against them by TBG. State Farm is currently providing a gratuitous defense to both Bendis and Schreier pursuant to reservation of rights letters.

In the instant action, State Farm seeks a declaratory judgment that the PULP's do not provide coverage of the claims asserted against Bendis and Schreier by TBG.[2] State Farm contends that there is no coverage for the following reasons: (1) there was no "personal injury" as defined by the policies; (2) there was no "property damage" as defined by the policies; (3) the policies exclude coverage for losses caused by Bendis' and Schreier's "business operations"; (4) the policies exclude coverage for intentional acts of Bendis and Schreier; and (5) the policies exclude coverage for actions or omissions of Bendis and Schreier as members of CHSI's board of directors.

## DISCUSSION

### 1. *Motions to Dismiss or Stay*

Bendis and Schreier have each filed motions to dismiss or stay this action. In brief, Bendis and Schreier argue that the resolution of the instant action involves key factual issues in the underlying TBG lawsuit. Accordingly, Bendis and Schreier argue, this action should be dismissed or, at a minimum, stayed pending resolution of the underlying TBG lawsuit. State Farm opposes the motions.

In *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269 (10th Cir.1989), the Tenth Circuit discussed a district court's exercise of jurisdiction under the Declaratory Judg-

---

1. Bendis and Schreier also have homeowner's policies which provide the underlying coverage to each PULP.

2. Additionally, State Farm seeks a declaratory judgment concerning the underlying homeowner's policies and Schreier's business office policy.

ment Act, 28 U.S.C. § 2201.[3] In particular, the Tenth Circuit stated:

> The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so. Whether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court.

*Kunkel,* 866 F.2d at 1273 (citations and internal quotation marks omitted).

■ Upon review, the court finds that State Farm's declaratory judgment action should be stayed pending resolution of the TBG lawsuit. A federal court has discretion to stay or dismiss a declaratory judgment action when it involves fact-dependent issues that will be decided in an underlying lawsuit. *Id.* at 1276; *see also State Farm Fire and Casualty Co. v. Poomaihealani,* 667 F.Supp. 705, 707 (D.Haw. 1987); *cf. State Farm Fire and Casualty Co. v. Finney,* 244 Kan. 545, 549–54, 770 P.2d 460, 464–66 (1989). Acknowledging State Farm's assertion that not all of the coverage issues present in the declaratory judgment action are at issue in the underlying TBG lawsuit, the court nonetheless finds that the number of similar factual issues present in both of the actions warrants a stay of this action until the conclusion of the TBG lawsuit. *Kunkel,* 866 F.2d at 1276.

### 2. *State Farm's Motion to Bifurcate or Sever*

Subsequent to the filing of the motions to dismiss or stay, State Farm filed a motion to bifurcate or sever. Specifically, State Farm requests the court to sever or bifurcate all issues relating to the intentional act exclusions and immediately enter-

tain the remaining coverage issues, which State Farm urges are dispositive of this case. Both Bendis and Schreier oppose the motion.

Although the intentional acts exclusion issue in this case contains the most similarities to the underlying lawsuit, the court finds that the remaining issues are also factually linked to the TBG lawsuit. Therefore, in accordance with the court's findings with respect to Bendis' and Schreier's motions to stay, the court will deny State Farm's motion and resolve all coverage issues after the resolution of the TBG lawsuit.

IT IS THEREFORE ORDERED that defendant/third-party plaintiff Richard A. Bendis' motion to dismiss or stay (Doc. # 143) is granted in part and denied in part.

IT IS FURTHER ORDERED that defendant/third-party plaintiff W. Terrance Schreier's motion to dismiss or stay (Doc. # 146) is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff State Farm Fire and Casualty Company's motion to bifurcate or sever (Doc. # 163) is denied.

IT IS FURTHER ORDERED that this action is stayed pending resolution of *TBG, Inc. v. Bendis, et al.,* No. 89–2423–O (D.Kan.).

---

**3.** Kunkel involved facts analogous to those in the case at hand. Specifically, plaintiff Kunkel was an accountant who became a defendant in various class action lawsuits charging him with federal securities violations. Kunkel attempted to obtain coverage for the lawsuits pursuant to an "Accountants' Professional Liability Policy" his firm had purchased through Continental Casualty Company. Continental agreed to pay for his defense pursuant to a reservation of rights letter. Later, during settlement negotia-

tions, Kunkel filed a two-count declaratory judgment action seeking a declaration that he was covered under the policy (Count I) and a declaration concerning the liability limits of the policy (Count II). The district court stayed Count I and ruled on Count II. On appeal, the Tenth Circuit affirmed the district court's actions, noting, in particular, that the determination of Count I "properly awaits the conclusion of the [underlying] litigation." *Kunkel,* 866 F.2d at 1276.