624 So.2d 850 (1993)
Alan Godfrey LEE, an Underwriter at Lloyd's, London, for Himself and for Those Other Underwriters at Lloyd's, London Subscribing to Insurance Policy No. 3665, Excess Insurance Company, British National Insurance Company, Terra Nova Insurance Company, Ltd. and Yasuda Fire & Marine Insurance Company (Uk), Ltd., Appellants,
v.
Cynthia Elizabeth MONTGOMERY, Appellee.
No. 92-1705.
District Court of Appeal of Florida, First District.
October 4, 1993.
Sharon Lee Stedman of Rumberger, Kirk & Caldwell, Orlando, Richard F. Johnson and Catalina J. Sugayan of Lord, Bissell & Brook, Chicago, IL, for appellants.
W.H.F. Wiltshire of Harrell, Wiltshire, P.A., Pensacola, for appellee.
PER CURIAM.
On behalf of himself and others underwriting a package excess insurance policy, appellant seeks review of a summary final judgment. The trial court held that the policy afforded $50,000.00 in excess coverage to Pensacola Junior College, a member of the Florida Community College Risk Management Consortium (the named assured), over *851 a $50,000.00 self-insured retention, for liability arising from a personal injury verdict in favor of appellee. Concluding that the trial court's construction of the policy was erroneous, we reverse.
The policy in question is complex, because of the nature of the coverages involved. Nevertheless, we agree with the trial court that it is not ambiguous. See Travelers Ins. Co. v. C.J. Gayfer's & Co., 366 So.2d 1199 (Fla. 1st DCA 1979) (insurance contracts are often complex, but complexity does not equate with ambiguity). However, we are unable to agree with the trial court's interpretation of the policy's terms.
Generally, interpretation of an insurance contract is a question of law, to be decided by the court. Jones v. Utica Mut. Ins. Co., 463 So.2d 1153 (Fla. 1985). Accordingly, we are not restricted in our ability separately to interpret the contract and, if appropriate, to reach a conclusion different from that of the trial court. Royal Oak Landing Homeowner's Ass'n v. Pelletier, 620 So.2d 786 (Fla. 4th DCA 1993).
As a general rule, in the absence of some ambiguity, the intent of the parties to a written contract must be ascertained from the words used in the contract, without resort to extrinsic evidence. See Providence Square Ass'n v. Biancardi, 507 So.2d 1366 (Fla. 1987). We do not believe that any useful purpose would be served by a lengthy discussion of the terms of the policy. Suffice it to say that, based upon our reading of the policy, it is clear that the parties to it (i.e., the underwriters and the consortium) did not intend that it afford excess coverage for liability such as that imposed upon Pensacola Junior College as a result of the jury verdict in the personal injury action brought by appellee. Among other reasons for our conclusion is the fact that, in order to reach the result arrived at by the trial court, it would be necessary to conclude that the members of the consortium all intended, by purchasing the policy, to waive the limit of liability imposed for such actions by section 768.28, Florida Statutes. In our opinion, such a conclusion would be utterly irreconcilable with the language of the policy.
We conclude that the policy does not afford excess coverage with regard to the liability imposed upon Pensacola Junior College as a result of the jury verdict in the personal injury action brought by appellee. Accordingly, the summary final judgment in favor of appellee is reversed; and the case is remanded with directions that the trial court enter judgment in favor of the underwriters.
REVERSED and REMANDED, with directions.
BARFIELD, KAHN and WEBSTER, JJ., concur.