PER CURIAM.
Appellant seeks review of an adverse summary judgment entered in a declaratory judgment action filed by appellee. Appellant had claimed that he was entitled to underin-sured motorist coverage pursuant to an insurance policy issued by appellee to a third party. The determinative issue was whether the insurance policy was a “primary” or an “excess” one. The trial court first concluded that “there [wa]s no ambiguity in the policy and therefore, no reason to seek extrinsic evidence.” It then held that, based upon the unambiguous language of the policy, it was an “excess,” rather than a “primary,” one. Accordingly, it denied appellant’s motion for summary judgment, and granted appellee’s.
Having carefully examined the documents which comprise the policy, we conclude that the policy is ambiguous on the issue of whether it was intended to be a “primary” or an “excess” one. Therefore, the parties are entitled to offer extrinsic evidence as to the intent of the insurer and the insured at the time the policy was purchased. Reinman, Inc. v. Preferred Mut. Ins. Co., 513 So.2d 788 (Fla. 3d DCA 1987). “Generally, interpretation of an insurance contract is a question of law, to be decided by the court.” Lee v. Montgomery, 624 So.2d 850, 851 (Fla. 1st DCA 1993). However, “[wjhere the terms of the [policy] are disputed and reasonably susceptible to more than one construction, an issue of fact is presented as to the parties’ intent which cannot properly be resolved by summary judgment.” Universal Underwriters Ins. Co. v. Steve Hull Chevrolet, Inc., 513 So.2d 218, 219 (Fla. 1st DCA 1987). Moreover, in such a case, it is error to enter summary judgment construing the contract, notwithstanding that the case would be tried before the same judge. Morton v. Morton, 307 So.2d 835 (Fla. 3d DCA), cert. denied, 324 So.2d 90 (Fla.1975).
The summary final judgment entered in favor of appellee is reversed, and the case is *1233 remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
WEBSTER and LAWRENCE, JJ. and SHIVERS, DOUGLASS B., Senior Judge, concur.