WEBSTER, J.
Appellant seeks review of a summary-final judgment in a declaratory judgment action, holding that appellee is entitled to uninsured motorist benefits pursuant to an insurance policy issued by appellant to appellee’s mother. “Generally, interpretation of an insurance contract is a question of law, to be decided by the court.” Lee v. Montgomery, 624 So.2d 850, 851 (Fla. 1st DCA 1993). Such is the case here and, accordingly, our standard of review is de novo. Am. Equity Ins. Co. v. Van Ginhoven, 788 So.2d 388, 390 (Fla. 5th DCA 2001). By its clear terms, the policy affords uninsured motorist coverage only to (1) a “named insured”; (2) a spouse of a “named insured” “residing in the same household”; (3) a person related to the “named insured” or resident spouse “by blood, marriage or adoption” who resides in the same household; and (4) any other person occupying a “covered auto” of the “named insured” or resident spouse. It is equally clear that appellee does not fit within any of those categories. Accordingly, notwithstanding appellee’s ingenious argument to the contrary, she is not entitled to uninsured motorist benefits pursuant to the insurance policy issued by appellant. Because the trial court’s holding to the contrary is erroneous as a matter of law, we reverse and remand with directions that the trial court vacate the summary judgment entered in favor of appellee and enter summary judgment in favor of appellant.
REVERSED and REMANDED, with directions.
BARFIELD and BROWNING, JJ., concur.