419 So.2d 678 (1982)
QUAYSIDE Associates, Ltd., Appellant,
v.
HARBOUR CLUB VILLAS CONDOMINIUM ASSOCIATION, INC., Appellee.
Nos. 81-1333, 81-1334.
District Court of Appeal of Florida, Third District.
August 24, 1982.
Rehearing Denied October 15, 1982.
Lapidus & Stettin and Richard Lapidus, Miami, for appellant.
Floyd, Pearson, Stewart, Richman, Greer & Weil and Ellen C. Freidin, Miami, for appellee.
Before DANIEL S. PEARSON and FERGUSON, JJ. and OWEN, WILLIAM C., Jr. (Ret.), Associate Judge.
PER CURIAM.
This appeal is from a Final Summary Judgment entered on a petition for declaratory decree determining that appellant is liable to indemnify appellee pursuant to terms of a settlement agreement. We reverse.
As part of an agreement terminating litigation between the parties Quayside gave Harbour Club Villas Condominium Association, Inc. (Villas) $3,000,000.00 and an indemnification agreement which provided:
Quayside shall indemnify, defend and save harmless Villas and all the Unit owners of Villas from any and all claims, *679 damages, judgments, actions, losses, costs, penalties, liabilities, and/or expenses without limitation (including attorneys' fees whether incurred in the course of primary or appellate litigation or settlement or otherwise) arising or sustained in any manner and for any reason whatsoever against Villas in connection with or as a result of the payment and receipt of the $3,000,000.00 or against Quayside in connection with the enforcement of this Agreement... .
The attorney for Villas who had been paid $3,500.00, by contract, for representing Villas in litigation which preceded the settlement (and who did not participate in the settlement negotiations) brought suit against Villas for additional fees. Villas contends that the additional fees demanded by the attorney is a claim covered by the indemnification agreement. Quayside contends that it had been specifically agreed prior to implementation of the agreement that Villas' attorneys fees would not be covered by the agreement. The parties petitioned the court for a declaratory judgment and each filed a motion for summary judgment. The trial court entered judgment for Villas on a finding that the settlement agreement, exclusive of parol evidence, was clear and unambiguous.
What is clear to us is that it is unclear whether the demand for additional fees made against Villas for services rendered to it by its attorney prior to the settlement agreement (and paid for) is a claim arising or sustained against Villas in connection with or as a result of the payment and receipt of the $3,000,000.00. The construction of a contract is ordinarily a question of law and belongs to the courts provided that the terms used are unequivocal, clear, undisputed and not subject to conflicting inferences. Friedman v. Virginia Metal Products Corp., 56 So.2d 515 (Fla. 1952). Where, as here, the terms of the written instrument are disputed and reasonably susceptible to more than one construction, an issue of fact is presented which cannot properly be resolved by summary judgment. Goldbloom v. J.I. Kislak Mortgage Co., 408 So.2d 748 (Fla. 3d DCA 1982); Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981); Ellenwood v. Southern United Life Ins. Co., 373 So.2d 392 (Fla. 1st DCA 1979).
Summary judgment is reversed and the cause is remanded for further consistent proceedings.