436 So.2d 1107 (1983)
BELLA VISTA, INC., a Florida Corporation, Appellant,
v.
INTERIOR & EXTERIOR SPECIALTIES CO., INC., a Florida Corporation, Appellee.
No. 83-79.
District Court of Appeal of Florida, Fourth District.
September 7, 1983.
Brian B. Joslyn of DeSantis, Cook, Gaskill & Silverman, P.A., North Palm Beach, for appellant.
*1108 Jordan Fields of Tew, Spittler & Fields, Stuart, for appellee.
DELL, Judge.
The developer/seller of a condominium appeals from a final judgment in which the trial court found the purchase agreement unconscionable, found the seller had failed to prove a set-off, and ordered return of the buyer's deposit.
The seller and buyer entered into an agreement for sale of a condominium unit. This agreement provided for closing upon ten days notice by seller to buyer, and contained no clause making buyer's obligation to close contingent upon financing. In June, 1981, seller's counsel notified buyer that closing should take place in the near future, and that a Notice to Close would be forthcoming. On October 15, 1981, the seller sent the required Notice to Close which scheduled closing for October 29. The buyer failed to appear. On November 3, seller informed buyer that the failure to close constituted a breach of the purchase agreement and that seller had elected to retain the deposit as liquidated damages. The buyer then sued to recover the deposit, alleging an oral extension of closing. The seller raised set-off as an affirmative defense.
The final judgment found that seller should have given buyer at least sixty days notice of closing, to enable the buyer to secure financing. Although a written contract may be modified by a subsequent oral agreement, Pan American Engineering Co. v. Poncho's Construction Co., 387 So.2d 1052 (Fla. 5th DCA 1980), the party alleging modification has the burden to prove it, Newkirk Construction Corp. v. Gulf County, 366 So.2d 813 (Fla. 1st DCA 1979). In his final judgment, the trial judge found that he believed Jenson, the buyer's president. Jenson merely testified that he felt he had an understanding with seller's counsel on a closing extension. Such testimony does not suffice to prove a modification. Further, the trial judge did not find that the contract had been modified. He arbitrarily found that the contract should have contained a sixty day notice period rather than a ten day notice period. Courts may not rewrite a contract to relieve one of the parties from the apparent hardship of an improvident bargain. Steiner v. Physicians Protective Trust Fund, 388 So.2d 1064 (Fla. 3d DCA 1980); see, International Realty Associates, Inc. v. McAdoo, 87 Fla. 1, 99 So. 117 (1924). The court's finding violates this elementary and long-standing rule of law, and is reversed.
The final judgment also found the contract unconscionable "in that the [seller] cannot deliver on a particular date and yet expect [buyer] to go ahead and borrow money ahead of time waiting for the [seller] to finish the project." This finding has no evidentiary support in the record and is reversed.
Finally, the seller contends the trial court should have found in its favor on the issue of set-off. The record reflects conflicting evidence on this point, which the trial court could properly resolve in favor of the buyer. We will not disturb this finding.
Accordingly, the final judgment is reversed and the cause remanded for entry of judgment in favor of appellant in the amount of $19,125.00.
REVERSED and REMANDED.
DOWNEY and LETTS, JJ., concur.