FERGUSON, Judge.
The issue in this appeal is whether a provision in a written agreement is so ambiguous as to preclude a summary judgment. The questioned paragraph of the stock-purchase agreement reads:
Equitable Consideration. Buyers jointly and severally agree that if, in the period from the date of this Agreement through March 31, 1982, any member(s) of the group purchasing FNB Stock of which they are a part purchases shares of FNB Stock in addition to those owned by such group on the date hereof (but excluding Sellers’ Shares) and if either (a) any such additional shares of FNB Stock are acquired pursuant to a public tender offer at a price greater than $22.00 per share or (b) the average price per share of all such additional shares acquired during such period exceeds $22.00 per share, then Buyers will pay to Sellers an amount equal to the product of the number of Sellers’ Shares times the difference between $22.00 and the greater of (i) such tender offer price or (ii) such average purchase price. Payment *46 of such additional amount shall be made on March 31, 1982 in cash or by certified or bank cashier’s check or bank wire transfer.
Appellants contend, inter alia, that the above paragraph, critical to a resolution of the lawsuit, is confusing. More specifically, it is argued that the first word “Buyers” is defined elsewhere in the agreement, but that definition does not apply, contrary to the trial court’s interpretation, to the phrase “any member(s) of the group purchasing FNB Stock,” and further that the word “they” has no intelligible reference to previously defined persons or entities. We agree that important language in the contract, construction of which is disputed, is reasonably susceptible to more than one interpretation. An issue of fact is thus presented which cannot be resolved by summary judgment. See Quayside Associates, Ltd. v. Harbour Club Villas Condominium Association, Inc., 419 So.2d 678, 679 (Fla. 3d DCA 1982).
Reversed and remanded.
HENDRY, J., dissents.