DELL, Judge.
Dorothea Conran appeals from summary final judgments granted in favor of the City of Oakland Park and Broward County.
Appellant sustained personal injuries as a result of an intersectional automobile collision which occurred in the City of Oakland Park. Prior to the collision, neither driver saw an inoperative traffic signal which controlled the intersection. Approximately four hours before the accident, Bro-ward County had dispatched a repairman to fix the traffic light. The repairman found a blown fuse which he replaced, and after he watched the light cycle for about five to ten minutes he proceeded to another intersection. He did not do any further testing to determine what had caused the fuse to blow.
The traffic light failed a second time and the automobile collision occurred. Later that evening, the County’s repairman returned to the intersection and again found that the fuse had blown. This time he investigated the cause of the blown fuse and discovered a short in the amber light, which he then repaired.
Appellant argues that issues of material fact exist which preclude summary judgment. We agree.
On summary judgment, “the mov-ant must show conclusively the absence of any genuine issue of material fact....” Willis v. Sears, Roebuck and Co., 351 So.2d 29, 30 (Fla.1977) (emphasis original). Further, “[t]he proof must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party.” Holl v. Talcott, 191 So.2d 40, 41 (Fla.1966).
*872 The County asserts that its worker used reasonable care in repairing the light during the first repair and that the negligence of the repairman, if any, was not a cause of the second failure of the traffic light. The parties presented conflicting deposition testimony as to whether the repairman acted reasonably when he first repaired the light. The County then argues that appellant’s expert failed to establish that the short which caused the light to fail the second time existed at the time of the initial repair. We have reviewed the record and find sufficient unrebutted circumstantial evidence from which a jury could reasonably infer that the short existed when the repairman first repaired the light.
The record demonstrates questions of material fact as to the manner in which the repairman repaired the light and whether his failure to exercise reasonable care, if any, constituted the proximate cause of the accident. Accordingly, we reverse summary judgment with regard to Broward County.
However, we affirm the summary judgment in favor of the City of Oakland Park. Having transferred all of its responsibilities and duties to maintain traffic control devices to Broward County pursuant to a Home Rule Amendment, the City of Oakland Park cannot be held liable even if Broward County negligently repaired the light. Jaramillo v. City of Coral Gables, 436 So.2d 1087 (Fla. 3d DCA 1983). Appellant also asserts that when the light first failed the City placed four-way stop signs at the intersection, and therefore undertook the duty to warn of danger. However, appellant did not furnish any evidence that the signs were present when the light failed the second time and if so that it was the City of Oakland Park which removed them prior to the accident. Thus we affirm the summary judgment in favor of the City.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DOWNEY and BARKETT, JJ., concur.