503 So.2d 1362 (1987)
Joseph LANGNER and Jewish Children's Fund, Inc., Appellants,
v.
CHARLES A. BINGER, INC., Appellee.
Nos. 86-799, 86-1542.
District Court of Appeal of Florida, Third District.
March 17, 1987.
*1363 Steven D. Rubin, Miami, for appellants.
Steinberg, Wohl & Merlin and Robert Merlin, Miami Beach, for appellee.
Before NESBITT, PEARSON, DANIEL S., and JORGENSON, JJ.
NESBITT, Judge.
Joseph Langner and the Jewish Children's Fund, Inc. (Fund) appeal from a final summary judgment and an order awarding attorney's fees in favor of Charles A. Binger, Inc. (Binger). We affirm in part and reverse in part.
Langner, representing the Fund, retained Binger, an advertising and marketing consulting company, to prepare and conduct a direct mail advertising campaign designed to generate donations for the Fund. Part of their written contract, which was apparently prepared by Binger, stated: "Consultant will advise client of costs in writing. This does not apply to continuing purchases, on which client depends on consultant to use his own judgment to keep the program on target." The contract also provided that Binger would be entitled to attorney's fees should collection become necessary.
Binger created a mail campaign which consisted of an outer envelope, a letter, and a pledge form. The letter had numerous spelling, grammatical, and substantive errors. The front of the envelope bore the inscription in bold capitals: "Don't open this envelope unless you're a Jew!" Without first obtaining Langner's approval or informing him of the costs to be incurred, Binger prepared and mailed thousands of these donation requests to residents of Dade, Broward, and Palm Beach counties. Binger then provided Langner with an invoice detailing the costs and demanding $4,408.40. When Langner refused to pay, Binger filed suit asserting that Langner and the Fund had breached the contract by refusing to pay Binger's invoice. In the answer, Langner alleged that Binger was not entitled to recover because it had breached the contract by not providing Langner with advance notice of the costs to be incurred as required by the contract. Langner also presented a counterclaim demanding damages for breach and negligent performance of the contract, and defamation.
In its order granting Binger's motion for summary judgment, the trial court determined that the "language of the contract is clear and unambiguous on its face and, therefore, [was] not subject to interpretation by the court." The court granted summary judgment in favor of Binger on its claim and against Langner on the counterclaims. In another order the court granted Binger's motion for attorney's fees. Langner and the Fund challenge the propriety of both orders in this consolidated appeal.
It is axiomatic that:
[t]he construction of a contract is ordinarily a question of law and belongs to the courts provided that the terms used are unequivocal, clear, undisputed and not subject to conflicting inferences. Where ... the terms of the written instrument are disputed and reasonably susceptible to more than one construction, an issue of fact is presented which cannot properly be resolved by summary judgment.
Quayside Assocs. v. Harbour Club Villas Condominium Assoc., 419 So.2d 678, 679 (Fla. 3d DCA 1982) (citations omitted); Metropolitan Dade County v. Resources Recovery Constr. Corp., 462 So.2d 570 (Fla. 3d DCA 1985); John Alden Life Ins. Co. v. *1364 Home State Fin. Servs. Inc., 448 So.2d 45 (Fla. 3d DCA 1984); see Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981).
We agree with Langner that the contract is not unequivocally clear and susceptible to but one interpretation, namely that provided by the trial court. The language in the contract, which required Binger to advise Langner of the costs in writing, might well have been intended by the parties to require Binger to provide advance notice of the costs to be incurred in initiating the campaign. Since the contract itself specifically differentiated between the initial costs and ongoing costs, it is unlikely that the contract language or the parties merely anticipated that Binger would provide an invoice after the costs had been incurred.[1] Our analysis is not intended to resolve the ambiguity in the contract but merely to reveal its presence. Since the contract term is demonstrably reasonably susceptible to more than one interpretation, there remains a genuine issue of material fact regarding the parties' intent. It follows, therefore, that the trial court erred in granting summary judgment on Binger's claim.
Turning next to Langner and the Fund's counterclaims, we find that the trial court improperly granted Binger's motion for summary judgment on the claim that Binger negligently performed its duty under the written contract. Generally a contractual obligation to provide services gives rise to a duty to exercise due care in the performance of the contract. Banfield v. Addington, 104 Fla. 661, 667, 140 So. 893, 896 (1932); 38 Fla.Jur.2d Negligence § 17 (1982); 57 Am.Jur.2d Negligence § 47 (1971); see Rollins, Inc. v. Heller, 454 So.2d 580, 583 n. 1 (Fla. 3d DCA 1984), review denied, 461 So.2d 114 (Fla. 1985); Robertson v. Deak Perera (Miami), Inc., 396 So.2d 749, 750 (Fla. 3d DCA), review denied, 407 So.2d 1105 (Fla. 1981); Navajo Circle, Inc. v. Development Concepts Corp., 373 So.2d 689, 691 (Fla. 2d DCA 1979). Negligent performance of a contract may support actions sounding in both tort and contract. 38 Fla.Jur.2d supra § 17 (1982); 57 Am.Jur.2d, supra § 47 (1971); see Hanft v. Southern Bell Tel. & Tel. Co., 402 So.2d 453, 456 (Fla. 3d DCA 1981), rev'd on other grounds, 436 So.2d 40 (Fla. 1983); Gallichio v. Corporate Group Serv., Inc., 227 So.2d 519, 520 (Fla.3d DCA 1969). In the counterclaim, Langner and the Fund contended that Binger performed the contract in a negligent manner. According to the counterclaim, Binger's failure to correct the letter for spelling, grammatical, and substantive errors, failure to seek Langner's approval prior to mailing out thousands of letters, and use of the allegedly inflammatory warning on the envelope amounted to negligent performance.
Summary judgment is properly granted only where there is no genuine issue of material fact and the movant is entitled to prevail as a matter of law. Fla. R.Civ.P. 1.510(c). The issue of negligence is usually not properly resolved by summary judgment. Shores v. Wegmann, 370 So.2d 87 (Fla. 1st DCA 1979); Avampato v. Markus, 245 So.2d 676 (Fla. 4th DCA 1971). This is so even if the facts are not disputed. McNulty v. Garvey, 189 So.2d 234 (Fla. 3d DCA 1966). "Unless a movant can show unequivocally that there was no negligence, ... courts will not be disposed to granting a summary judgment in his favor." Wills v. Sears, Roebuck & Co., 351 So.2d 29, 31 (Fla. 1977); U.S. Fire Ins. Co. v. Progressive Casualty Ins. Co., 362 So.2d 414, 417 (Fla. 2d DCA 1978); see Conran v. Young, 458 So.2d 870 (Fla. 4th DCA 1984); cf. Daytona Dev. Corp. v. McFarland, 505 So.2d 464 (Fla. 2d DCA 1987) (summary judgment improper where issue remained concerning whether attorney's performance amounted to negligence). Although the parties do not appear to dispute *1365 whether Langner's claims accurately depict Binger's actions, this does not resolve the issue of whether those actions amount to negligence. Since the contract imposed upon Binger the implied duty to exercise due care in carrying out the contract, and Binger did not unequivocally demonstrate the absence of negligence, a jury question remains as to whether Binger breached that duty.[2]
We affirm the trial court's order insofar as it dismissed the counterclaim for defamation. The trial court correctly determined that the wording on the envelope was neither a false statement of fact nor a statement about Langner or the Fund. See Byrd v. Hustler Magazine, Inc., 433 So.2d 593 (Fla. 4th DCA 1983), review denied, 443 So.2d 979 (Fla. 1984).
Finally, since Binger is only entitled to attorney's fees as an element of damages if and when it is determined that Langner and the Fund breached the contract, see Machado v. Foreign Trade, Inc., 478 So.2d 405 (Fla. 3d DCA 1985), we reverse the trial court's award of attorney's fees which was prompted by the summary judgment it improperly granted.
This cause is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
NOTES
[1] This interpretation of the contract term finds further support in the contract clause setting out Binger's compensation. The contract provided that Binger would be entitled to $500 per month plus 15% of all purchases. Read in conjunction with the term requiring notice of costs, the contract appears to support Langner's position. Because Binger was paid a flat fee while developing the concept and materials to be used in the campaign, Binger was not required to give advance notice of the development costs. It appears, however, that before Binger could incur any costs in the implementation of the campaign, Binger was required to provide Langner with written advance notice of the costs involved.
[2] It appears that the trial court's dismissal of the counterclaim was prompted by its initial finding that Binger's failure to provide advance notice of costs did not constitute a breach of the contract. It is clear, however, that the counterclaim is not grounded upon the lack of notice but the allegedly negligent performance of the contract.