513 So.2d 218 (1987)
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
STEVE HULL CHEVROLET, INC., Appellee.
No. BQ-237.
District Court of Appeal of Florida, First District.
September 24, 1987.
Rehearing Denied October 23, 1987.
*219 Karen K. Cole and Carl K. Staas, of Boyd, Jenerette, Staas, Joos, Williams, Felton & Wirtz, P.A., Jacksonville, for appellant.
Robert C. Gobelman, Jack W. Shaw and Robert B. Guild, of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
MILLS, Judge.
Universal Underwriters Insurance Company appeals a non-final order granting Steve Hull Chevrolet's motion for partial summary judgment on the issue of liability under a contract of insurance, pursuant to Rule 9.130(a)(3)(C)(iv), Fla.R.App.P. We reverse and remand for further proceedings.
The construction of a contract is ordinarily a question of law and belongs to the court provided that the terms used are unequivocal, clear, undisputed and not subject to conflicting inferences. Where the terms of the written instrument are disputed and reasonably susceptible to more than one construction, an issue of fact is presented as to the parties' intent which cannot properly be resolved by summary judgment. Langner v. Charles A. Binger, Inc., 503 So.2d 1362, 1363 (Fla. 3d DCA 1987) (citation omitted).
Further, despite the presumption of correctness which attaches to a trial court order, appellate courts must view every possible inference in favor of a party against whom a summary judgment is granted. Williams v. Bevis, 509 So.2d 1304, 1306 (Fla. 1st DCA 1987). The moving party must show conclusively the absence of any genuine issue of material fact. Williams. Here, it was conceded by the parties in the initial pleadings, and is amply demonstrated by the arguments presented on appeal, that the crucial exclusionary terms of the insurance contract involved herein are "disputed and reasonably susceptible to more than one construction." Langner. Therefore, there remains a genuine issue of material fact regarding the parties' intent and the trial court erred in granting summary judgment on liability for the subject loss.
Reversed and remanded.
WENTWORTH and NIMMONS, JJ., concur.