PER CURIAM.
Grove Towers, Inc., [Grove Towers] appeals a final judgment entered following the trial court’s grant of a partial summary judgment in favor of Imperial Casualty and Indemnity Company [Imperial]. In granting Imperial’s motion, the trial court determined that claims presented by Grove Towers after July 18, 1983, the expiration date of its “claims made”[1] policy, were not covered under any of the insurance policies issued by Imperial. We reverse.
Imperial insured Davis Engineers, P.A. [Davis] against liability for professional malpractice. Imperial issued three “claims made” insurance policies to Davis; the last policy afforded coverage from July 18, 1982 to July 18, 1983. Each of the policies imposed on the insured certain conditions precedent to coverage:
I. INSURED’S DUTIES IN THE EVENT OF CLAIM OR SUIT: It is a condition precedent to the application *1256 of all insurance afforded herein that the Insured shall:
(a) Give written notice containing particulars sufficient to identify the Insured and claimant and full information with respect to the time, place and circumstances of the event complained of, and the names and addresses of the injured and of available witnesses, to the Company or to any of its authorized representatives as soon as practicable;
(b) Immediately forward to the Company every demand, notice, summons or other process received by him or his representative, if claim is made or suit is brought against the Insured....
Pursuant to a contract with James Deen, an architect who designed and supervised the construction of Grove Towers, Davis provided engineering services in the preparation of electrical, mechanical, and structural plans for the condominium.
On April 11, 1983, Grove Towers, through its attorney, notified Imperial by letter of structural, mechanical, and electrical design defects attributed to Davis’ negligence. Grove Towers indicated that the total cost for correcting the defects would be $813,733.32. Demanding that Imperial pay the policy limits of $1,000,000, Grove Towers informed Imperial that “[t]he breakdown which we have provided to you is by no means exhaustive at this time.” On September 28,1983, Grove Towers filed a complaint against Davis and Imperial to recover damages for injuries resulting from Davis’ alleged malpractice. Three years later, on May 6, 1986, Grove Towers provided Imperial with a supplemental list of damages detailing mechanical and electrical defects. Ruling on the parties’ motions, the trial court found that all claims made before July 18, 1983, “[had] been settled and compromised,” and that “all claims asserted and made by [Grove Towers] after July 18, 1983, [were] not covered under any of the policies issued by Imperial Casualty and Indemnity Company.” Grove Towers instituted this appeal. At issue is the status of damages presented in the supplemental list.
Grove Towers argues that it notified Imperial of damages in its April 11, 1983 notice when it stated “the breakdown ... is by no means exhaustive at this time.” It contends that the damage items filed three years later were merely supplemental portions of the original claim and thus, within the coverage of its “claims made” policy. In support of its argument, Grove Towers points out that Imperial did not investigate its original claim and failed to make any payment until March 1987. Imperial responds that Grove Towers’ supplemental demands were new claims and, therefore, not within the policy period.
The Imperial policy under consideration does not define an essential term — “claim”; although the policy requires notice of full information relating to the “event complained of,” it does not specify the listing of items of damage. Whether the parties contemplated the inclusion of damage items as a “claim” is a question not subject to resolution by summary judgment. “Where the terms of the written instrument are disputed and reasonably susceptible to more than one construction, an issue of fact is presented as to the parties’ intent which cannot properly be resolved by summary judgment.” Universal Underwriters Ins. Co. v. Steve Hull Chevrolet, Inc., 513 So.2d 218, 219 (Fla. 1st DCA 1987); see Langner v. Charles A. Binger, Inc., 503 So.2d 1362 (Fla. 3d DCA 1987); see also Reinman, Inc. v. Preferred Mut. Ins. Co., 513 So.2d 788 (Fla. 3d DCA 1987).
Reversed and remanded.

. The insurer provided coverage if either a claim was made or a lawsuit was filed within the policy period.