**Edward ROSENTHAL, Plaintiff,**

v.

**MUTUAL LIFE INSURANCE COMPANY OF NEW YORK and B'Nai B'Rith, Inc., Defendants.**

No. 88–6783–CIV.

United States District Court, S.D. Florida.

March 13, 1990.

Walter E. Campbell, Fort Lauderdale, Fla., for plaintiff.

Shutts & Bowen, Miami, Fla., for defendants.

MEMORANDUM OPINION

SPELLMAN, District Judge.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

THIS CAUSE comes before the Court upon Defendants' Motion for Summary Judgment. Upon careful review of the same, and of the record, it is the opinion of this Court that Defendants' motion must be DENIED.

FACTS

Plaintiff Edward Rosenthal filed an insurance claim under a group policy issued

by Defendants, Mutual Life Insurance Company of New York (hereinafter "MONY") and B'nai B'rith, Inc. Plaintiff's claim is for medical expenses incurred in the diagnosis and treatment of his son, Evan Rosenthal, who was diagnosed as having Bipolar Affective Disorder.[1] Plaintiff alleges that Defendants have breached the insurance contract by denying to cover those medical expenses in excess of $10,000.

The parties disagree as to the nature of Bipolar Affective Disorder. Defendants contend that the illness is a mental disorder and have limited the payment of Evan's medical expenses pursuant to a clause in the insurance policy which provides a lifetime maximum of $10,000 for any expenses incurred in the treatment of mental or nervous disorders.[2] However, Plaintiff maintains that his son's infirmity is a physical illness and that coverage is not limited by the exclusion clause.

### STANDARD FOR MOTION FOR SUMMARY JUDGMENT

When ruling on a motion for summary judgment, a court must decide whether there is any genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Shipes v. Hanover Ins. Co.*, 884 F.2d 1357, 1359 (11th Cir.1989). The standard for summary judgment mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which provides that the trial judge must direct a verdict if, under governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby*, 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). It is the obligation of a court to view the facts in the light most favorable to the non-moving party, and to allow the non-moving party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Golden v. Mobil Oil Corp.*, 882 F.2d 490, 493 (11th Cir.1989). To render summary judgment in favor of Defendants, this Court must find that Defendants met their burden of demonstrating to the Court that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### DISCUSSION

■ Based upon the facts and evidence offered by the parties, this Court finds that there is a genuine issue of material fact whether Bipolar Affective Disorder is a mental illness, and therefore subject to a lifetime maximum of $10,000 coverage under Plaintiff's insurance policy.

■ First, this Court finds that the insurance policy in the instant case is ambiguous in that although it limits coverage for mental or nervous disorders, it does not provide or refer to, any definition of what constitutes a mental or nervous disorder. The policy does not state whether causation of a disorder, manifestation, and/or treatment of its symptoms, is the guide by which the limitations clause should be measured. Under Florida law, a genuine issue of material fact is presented and summary judgment is improper when crucial exclusionary terms of an insurance contract are disputed and reasonably susceptible to more than one construction. *Universal Underwriters Ins. Co. v. Steve Hull Chevrolet, Inc.*, 513 So.2d 218 (Fla. 1st DCA 1987), *citing Langner v. Charles A. Binger, Inc.*, 503 So.2d 1362, 1363 (Fla. 3d DCA 1987).

---

1. Bipolar Affective Disorder is an illness which affects the mood and behavior of a person. The essential feature of the illness involves either a manic episode or a major depressive episode. A manic episode is when the predominant mood is elevated, expansive, or irritable. Other symptoms include hyperactivity, pressure of speech, flight of ideas, inflated self-esteem and distractibility. A major depressive episode involves a loss of interest or pleasure in almost all usual activities and pastimes. Other symptoms include appetite disturbance, decreased energy, feelings of worthlessness or guilt, and thoughts of death and suicide attempts. See *A.P.A.: Diagnostic and Statistical Manual*, at pp. 205, 210.

2. See Defendant's Exhibits "B" and "D" to Motion for Summary Judgement.

Secondly, Plaintiff argues that Bipolar Affective Disorder is an organic or physical illness because it is caused by a chemical imbalance in the body.[3] Furthermore, Plaintiff maintains that because Bipolar Affective Disorder is treated with medication, it must be physical in nature.[4] Defendants, however, argue that irrespective of cause or treatment, Bipolar Affective Disorder is a mental illness, as opposed to a physical illness, because it manifests itself in behavioral and emotional symptoms. According to Defendants, the mere fact that Bipolar Affective Disorder may have a biological basis does not prevent it from being classified as a mental disorder.

Plaintiff and Defendants have cited cases from other jurisdictions which have come to contrary decisions when deciding similar issues. In *Arkansas Blue Cross and Blue Shield, Inc. v. Doe*, 22 Ark.App. 89, 733 S.W.2d 429 (1987) the court found that the evidence supported a finding that Bipolar Affective Disorder was a physical condition within the meaning of a group health insurance policy. In *Equitable Life Assur. Soc. v. Berry*, 212 Cal.App.3d 832, 260 Cal.Rptr. 819 (6 Dist.1989) the court held that manifestation was the relevant factor, not the cause of the illness, and decided that the insurance policy could be construed to exclude treatment for manic-depressive illness.

■ Defendant MONY alleges that in evaluating Plaintiff's claim, it relied on the American Psychiatric Association's (hereinafter "A.P.A.") classification of Bipolar Affective Disorder set forth in *A.P.A.: Diagnostic and Statistical Manual of Mental Disorders* (hereinafter "DSM–III–R").[5] DSM–III–R defines mental disorders apart from their original cause or any associated physical or chemical manifestations. Defendants maintain that this comports with the Florida Legislature's definition of mental and nervous disorders set forth in Fla. Stat. Section 627.668.[6] Plaintiff responds by arguing that DSM–III–R is merely used by the medical profession for purposes of classifying patients for treatment.

Upon careful review of the above, this Court finds that Section 627.668 does not specifically refer to DSM–III–R in its language, nor does this Court find that it should be used for purposes of classifying Bipolar Affective Disorder as a mental or physical disorder. Rather, by its very definition, DSM–III–R is merely a diagnostic tool used by the psychiatric profession for treating patients. In the introduction to the manual, DSM–III–R cautions that:

> The purpose of the DSM–III is to provide clear descriptions of diagnostic categories in order to enable clinicians and investigators to diagnose, communicate about, study, and treat various mental disorders. *The use of this manual for non-clinical purposes, such as determination of legal responsibility, ..., or justification of third-party payment, must be critically examined in each instance within the appropriate institutional context.* (emphasis added).

Hence, given that the limitations provision for mental disorders is ambiguous, and because this Court declines to rely on DSM–III–R, a genuine issue of material facts exists whether Bipolar Affective Disorder is subject to a lifetime maximum of $10,000 coverage. Viewing the facts in the light most favorable to Plaintiff, reasonable persons could find that Bipolar Affective Dis-

---

3. Deposition of Juan Pagan, M.D., taken December 13, 1988, at pp. 11–14, 26–27; Deposition of Donald McKnew, Jr., M.D., taken July 24, 1989, at pp. 52, 58–63; Deposition of Robert Cullen, M.D., taken August 2, 1989, at pp. 8–9.

4. Deposition of Dr. McKnew, at pp. 63–65; Deposition of Dr. Pagan, at pp. 13–15.

5. Defendant's Exhibit "E" to Motion for Summary Judgment, at page 205; Defendant's Exhibit "F" to Motion for Summary Judgment, at page 225.

6. Fla.Stat. Section 627.668, provides in pertinent part:

> Optional coverage for mental and nervous disorders required; exception.—
> (1) Every insurer, ..., transacting group health insurance in this state shall make available to the policyholder as part of the application, ..., the benefits ... specified in subsection (2) for the necessary care and treatment of mental and nervous disorders, as defined in the standard nomenclature of the American Psychological Association, ....

 

order is a physical illness which manifests itself through mental symptoms, such that the medical expenses incurred by Plaintiff are not limited by the limitations clause of the policy.

Based on the above and foregoing, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment is DENIED.

DONE AND ORDERED.