SCHWARTZ, Chief Judge
(specially concurring).
I agree with reversal as to both appel-lees. I would make it clear, however, that, quite apart from Eckerd’s rights under its own lease, a genuine issue, resolvable only by extrinsic evidence, is ■ presented as to whether a proper interpretation of Light-speed’s lease obligated the landlord to prohibit Eckerd’s competitive activity, see Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735 (Fla. 3d DCA 1982); see generally Quayside Assocs., Ltd. v. Harbor Club Villas Condominium Ass’n, 419 So.2d 678 (Fla. 3d DCA 1982); Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981); Mead v. Mead, 193 So.2d 476 (Fla. 3d DCA 1967), cert. denied, 201 So.2d 552 (Fla.1967), and, therefore, whether Eckerd’s conduct amounted to an unprivileged, tortious interference with that agreement. See 32 Fla. Jur.2d Interference § 2 (1981).
FERGUSON, J., concurs.