RAMIREZ, J.
Alice M. Takach appeals the trial court’s order granting Eduardo Tarafa’s motion for final summary judgment in case no. 03-1310. We affirm the final summary judgment entered in favor of Tarafa, finding there was no ambiguity in the parties’ Stipulation of Settlement, but reverse the trial court’s order denying Tarafa attorneys’ fees and costs in case no. 03-3127.

Case No. 03-1310

In December 1969, Tarafa married Ta-kach. In May 1991, the former wife filed a petition with the New York State Supreme Court to dissolve the marriage. Also in May 1991, the parties entered into a Stipulation of Settlement resolving the matters concerning the marriage, including property distribution and alimony. The Stipulation was ratified and incorporated into a Divdrce Judgment by the New York State Supreme Court in September 1991.
According to Paragraph 13(a)(iii) of the Settlement, Takach is obligated to pay Ta-rafa permanent alimony in the amount of $5,250.00 per month, up to an including the earlier of: (i) the death of the former wife or husband; (ii) the former husband’s remarriage; or (iii) such time as the former husband shall have co-habited as husband and wife with the same unrelated member of the opposite sex for an aggregate of three hundred sixty (360) days in any seven hundred twenty (720) day period.
In August 2002, Takach filed a complaint for declaratory relief in the trial court of Miami-Dade County, in which she contended that she was no longer obligated to pay Tarafa permanent alimony under the Settlement because he had lived with a woman who was unrelated named Matilde Batista as “husband and wife” in excess of 360 days in a 720-day period. In January 2003, Tarafa filed a motion for final summary judgment and for fees and costs where he contended that there was no genuine issue of material fact that he and Batista were second cousins and thus were not “unrelated” under paragraph 13(a)(iii) of the Settlement. It is undisputed that Tarafa and Batista are second cousins by blood.
The trial court entered a final summary judgment in favor of Tarafa, finding the term “unrelated” to be clear and unambiguous. The trial court found that, because Batista and Tarafa were second cousins, they were not unrelated. We agree.
The trial court correctly applied the plain and ordinary meaning of the word “unrelated” when it concluded that Tarafa and Batista were not “unrelated” under paragraph 13(a)(iii) of the Settle *526 ment. Webster’s Third New International Dictionary defines “unrelated” as “not connected by birth or family.” This same dictionary defines “cousins” as “[a] relative descended from one’s grandparent or from a more remote ancestor by two or more steps and in a different line ... the children of first cousins are second cousins to each other, the children of second cousins are third cousins, etc.” Thus, the term “unrelated” cannot include second cousins because second cousins are related. We believe that an ordinary person of average understanding would clearly find the term “unrelated” to be clear and unambiguous.

Case No. 03-8127

Tarafa appeals the trial court’s order barring him from seeking attorney’s fees and costs in the parties’ post-dissolution proceedings. The trial court referred Ta-rafa’s request for attorney’s fees and costs to a General Master. Takach contended that paragraph 21 of the Settlement barred Tarafa from obtaining attorney’s fees and costs from her in this post-dissolution proceeding. Paragraph 21 states:
The [Former Wife] acknowledges that Seaman and Ashley have represented her and rendered legal services to her in connection with this Agreement. The [Former Husband] acknowledges that Graubard Mollen Horowitz Pomerantz & Shapiro and Haythe & Curley have represented him and rendered legal services to him in connection with this Agreement. The parties agree to each be responsible for compensation of the respective counsel for the foregoing services and for any additional services that may be rendered in connection with this action for divorce, and to hold the other party harmless in all respects therefrom.
The General Master found that paragraph 21 was clear and unambiguous and did not bar Tarafa from seeking his fees and costs from Takach for matters arising between the parties post-dissolution. Ta-kach filed her objections to the General Masters’ report and recommendations. The trial court agreed that the provision in the Settlement addressing attorney’s fees and costs was clear and unambiguous but held that the stipulation was not limited to the divorce action and included this post-dissolution filed a dozen years later under a different case number and in a different state. We disagree.
Both the General Master and the trial court determined that the interpretation of paragraph 21 of the Settlement was a question of law due to the subject provision being clear and unambiguous. See Langner v. Binger, 503 So.2d 1362, 1363 (Fla. 3d DCA 1987). While everyone seems to agree that the provision is clear and unambiguous, the trial court concluded that the new proceeding was somehow part of “this action for divorce.”
The interpretation of a contract is a matter of law and is therefore reviewed by the appellate court de novo. See Gumberg v. Gumberg, 755 So.2d 710, 712 (Fla. 4th DCA 1999). The General Master interpreted paragraph 21 only to bar Tarafa from seeking his fees and costs from Ta-kach in the original divorce action and would not include fees and costs incurred after the dissolution of marriage. We believe that the General Master was correct in concluding that the phrase in paragraph 21 “this action for divorce” referred to the services performed by the attorneys in the dissolution of marriage action in New York for the services the attorneys performed on behalf of the parties in that distinct action. That provision did not bar Tarafa from obtaining fees and costs not incurred in connection with the services performed by those attorneys in the New York divorce proceeding. See Krueger v. Krueg *527 er, 689 So.2d 1277 (Fla. 2d DCA 1997) (the parties’ acknowledgment to pay their own fees and costs for services “incurred by this action” would not include the fees that the wife incurred in the post-divorce modification proceeding).

Conclusion

In sum, we affirm the final summary judgment, finding there was no ambiguity in the parties’ Stipulation of Settlement. We reverse the trial court’s order vacating the General Masters’ report because Tara-fa is not contractually barred under the terms of the Stipulation of Settlement from seeking fees and costs in this post-dissolution proceeding initiated by Takach. We remand this issue to the trial court, with instructions to affirm the Report and Recommendations of the General Master and hold a hearing to determine the amount of attorney’s fees and costs.
Affirmed in part, reversed in part; remanded with instructions.