972 So.2d 203 (2007)
LEESBURG COMMUNITY CANCER CENTER, etc., Appellant,
v.
LEESBURG REGIONAL MEDICAL CENTER, INC., etc., Appellee.
No. 5D06-2457.
District Court of Appeal of Florida, Fifth District.
November 9, 2007.
Rehearing Denied January 14, 2008.
*204 Monterey Campbell, Michael J. Bittman, and Dyana L. Petro, of Gray/Robinson, P.A., Orlando, and Steven L. Brannock and David C. Borucke, of Holland & Knight LLP, Tampa, and for Appellant.
Phillip S. Smith, Matthew D. Black and John D. Metcalf, of McLin & Burnsed, Leesburg, for Appellee.
LAWSON, J.
Leesburg Community Cancer Center, d/b/a Intercommunity Cancer Center, ("the Cancer Center"), appeals a final summary judgment in favor of Leesburg Regional Medical Center, Inc., ("Leesburg Regional"), claiming error in the trial court's finding that the Cancer Center could not enforce a contract clause against Leesburg Regional. We agree with the trial court that the Cancer Center had no legal right to enforce the clause, and affirm.

*205 Factual and Procedural Background

On December 31, 1985, Leesburg Regional entered a thirty-year ground lease with Leesburg Real Estate Associates, Inc., ("Real Estate Associates"), for the purpose of allowing Real Estate Associates to develop and operate an outpatient ambulatory cancer treatment center on the property. The lease contained an "exclusivity" clause prohibiting Leesburg Regional or Real Estate Associates from competing against one another by operating or supporting a competing cancer treatment center anywhere within Leesburg Regional's "primary service area" during the term of the lease. The lease also allowed Real Estate Associates to either assign all or part of its leasehold interest to another, or sublease all or part of the property to another, so long as its assignees or sublessees were made "subject to the terms and provisions of [the ground] lease." In conjunction with this obligation, the ground lease contains a sentence requiring Real Estate Associates to incorporate the terms of the ground lease into any assignment or sublease that it entered.
On the same day that Real Estate Associates leased the land from Leesburg Regional, it sublet the property to the Cancer Center, a limited partnership formed by the shareholders of Real Estate Associates. From 1986 through 1998, the Cancer Center operated the treatment facility, paying rent to Real Estate Associates. Real Estate Associates made all lease payments to Leesburg Regional during this period, and the record reflects no disputes between the parties.
In July 1998, Leesburg Regional approached Real Estate Associates about waiving the exclusivity clause so that it could participate in a cancer treatment center in Lady Lake, Florida.[1] When negotiations for a waiver were unsuccessful, Leesburg Regional proposed simply buying out the remainder of the lease term from Real Estate Associates. The parties were able to reach agreement on the buy-out, and in September, 2000, Leesburg Regional purchased Real Estate Associates' leasehold interest, along with its rights and obligations under the sublease with the Cancer Center, for $1.9 million. Leesburg Regional then took the position that the exclusivity clause was a personal covenant between it and Real Estate Associates, which it extinguished or controlled when it purchased back all of Real Estate Associates' rights under the ground lease.
Given Leesburg Regional's declared intent to participate in another cancer treatment facility, the Cancer Center filed an action for declaratory judgment to determine its rights under the ground lease and/or its sublease. The Cancer Center argues, alternatively, that: (1) its sublease constituted an assignment of Real Estate Associates' rights under the ground lease, including the right to enforce the exclusivity clause; or (2) that language in the sublease "incorporating" all terms from the ground lease, by reference, granted it a contract right to enforce the ground lease against Leesburg Regional. Ultimately, the trial court entered summary judgment in favor of Leesburg Regional, finding that the Cancer Center had no contractual right to enforce the exclusivity clause. The trial court further found that the exclusivity clause constituted an unlawful restraint of trade, unenforceable under section 542.33, Florida Statutes (1985). The Cancer Center challenges both findings. *206 Because we agree with the trial court's contract analysis, we do not reach the restraint of trade argument.

Standard of Review
A de novo standard of review applies to a grant of summary judgment. E.g., Coberley v. Thor Indus., Inc., 908 So.2d 486 (Fla. 5th DCA 2005). The same standard applies to a trial court's decision construing a contract. E.g., Mgmt. Computer Controls, Inc. v. Charles Perry Const., Inc., 743 So.2d 627 (Fla. 1st DCA 1999).

Analysis
As a general rule, there is "no privity of contract or estate between [an] original lessor and [a] sublessee," because there is no contractual relationship between the parties. 49 Am.Jur.2d Landlord and Tenant § 999 (2007). "Because of the lack of privity, the sublessee does not acquire, merely as a result of the sublease, any right to enforce the covenants or agreements of the lessor contained in the original lease." Id.
The Cancer Center's first argument against application of these basic principles is that its sublease actually constituted an assignment of the ground lease by Real Estate Associates. "An assignment is a transfer of all the interests and rights to the thing assigned." Lauren Kyle Holdings, Inc. v. Heath-Peterson Constr. Corp., 864 So.2d 55, 58 (Fla. 5th DCA 2004) (citations omitted). Following an assignment, the assignee "stands in the shoes of the assignor" and the "assignor retains no rights to enforce the contract" at all. Id. Here, of course, Real Estate Associates continued to exercise its rights under the ground lease for fifteen years after subletting the premises to the Cancer Center, and then sold its leasehold interest to Leesburg Regional. More importantly, the sublease itself does not purport to assign Real Estate Associates' leasehold interest to the Cancer Center. Rather, it expressly states that "this Lease constitutes a sub-lease. . . ." The contract could not be any clearer, and the trial court properly rejected this argument.
Second, the Cancer Center argues that it obtained a right to directly enforce Real Estate Associates' rights under the ground lease when all terms of the ground lease were incorporated, by reference, into its sublease. We start with the basic premise that no person or entity is bound by a contract absent the essential elements of offer and acceptance (its agreement to be bound to the contract terms), supported by consideration. Leesburg Regional was not a party to the sublease. Therefore, it is axiomatic that the sublease could not bind Leesburg Regional unless Leesburg Regional agreed in its original ground lease that the covenant it made not to compete against Real Estate Associates could also inure to the benefit of any sublessee of Real Estate Associates. Again, any such agreement would be contrary to the general rule that a sublessee has no "right to enforce the covenants or agreements of the lessor contained in the original lease." 49 Am.Jur.2d Landlord and Tenant § 999 (2007).
Because the ground lease contains no express provision stating that Leesburg Regional agrees not to compete against any sublessee of Real Estate Associates, the Cancer Center is left with the argument that this promise is implied in the provision requiring Real Estate Associates to make any sublease "subject to the terms and provisions of [the ground] lease." To us, this language simply means that any sublessee must agree to abide by all obligations of the ground lease. See Affinity Internet, Inc. v. Consolidated Credit Counseling Serv., Inc., 920 So.2d 1286, *207 1288 (Fla. 4th DCA 2006) ("The words `subject to' `usually indicate a condition to one party's duty of performance and not a promise by the other.'") quoting Burgess Constr. Co. v. M. Morrin & Son Co., Inc., 526 F.2d 108, 113 (10th Cir.1975) (emphasis added). The language cannot be fairly read as an agreement to confer on a sublessee additional rights against the original lessor that would not normally be conferred in an ordinary transaction.[2]Id. Taken in context, we read the requirement that Real Estate Associates incorporate terms of the ground lease into any sublease as a means of assuring that any sublessee would be made "subject to" the ground lease, and made fully aware of all its obligations under that contract.
If the parties had intended to create a non-compete covenant between Leesburg Regional and any sublessee of Real Estate Associates, they could have easily said so in the ground lease. They did not. And, courts should not interpret contracts in a manner that extends or enlarges the obligations of a contracting party beyond the plain meaning of the language used in the contract itself. See Marx v. Clear Channel Broadcasting, Inc., 887 So.2d 405 (Fla. 4th DCA 2004) (noting that non-compete agreements are not to be extended "further than [the] language of the contract absolutely requires"). We believe that the trial court properly applied these principles in construing the ground lease. Reviewing this matter de novo, we construe the contract exactly as the trial court did.
AFFIRMED.
PLEUS, J., and REINMAN, M., Associate Judge, concur.
NOTES
[1] Both parties appear to agree that the facility contemplated for Lady Lake would fall within Leesburg Regional's "primary service area."
[2] The Cancer Center argues that this construction ignores economic realities, since it would not have been in its interest to agree to the deal without protection against future competition from Leesburg Regional. However, as originally structured, any additional protection for the Cancer Center would have been superfluous in light of the interlocking ownership of Real Estate Associates and the Cancer Center. In other words, the partners who owned the Cancer Center would not have needed to assure that they had an independent right (as the Cancer Center) to enforce the clause since they (as shareholders of Real Estate Associates) could enforce Leesburg Regional's covenant not to compete against Real Estate Associates. Additionally, it is not the role of courts to supply terms to a contract in order to protect one of the parties from "an improvident bargain." Bella Vista, Inc. v. Interior & Exterior Specialties Co., Inc., 436 So.2d 1107, 1108 (Fla. 4th DCA 1983) (citations omitted).