OSTERHAUS, J.
The case involves a disputed easement and whether a developer of two adjacent properties in Columbia County reserved usage rights in a riverfront common area in his first development, which he later conveyed to purchasers in his second development. The trial court granted summary judgment against the developer after concluding that the easement he retained did not include a right to use the common area. We now reverse and remand because the scope of the easement retained by the developer is ambiguous on its face and was ill-suited for resolution by summary judgment.
I.
Some time ago, H.A. Buie, Sr.[1] began developing property he owned in Columbia County, into two separate developments, Bluebird Landing and Bluebird Preserve. In 2002, he conveyed a twenty-four acre common area in his first development, Bluebird Landing, to the Bluebird Landing Owners Association, Inc. (Landing Association) by warranty deed. The common area included frontage on the Santa Fe River with river access, a pavilion with picnic benches, a cabin, and other amenities (Common Area). And the developer reserved for himself, his heirs, successors and assigns “a perpetual, non-exclusive easement and right of ingress and egress over and across all ... Common Areas.” Mr. Buie, Sr. later transferred this and other property rights to the Buie Family Trust.
When Mr. Buie later developed his second property, the Bluebird Preserve (Preserve), the Buie Family Trust conveyed a perpetual non-exclusive easement and rights “of use and ingress and egress” in the Bluebird Landing Common Area to those who purchased lots in the Preserve. The grant of these rights to Preserve owners caused the Landing Association to initiate • legal action against both the Buie Family Trust and individual lot owners in the Preserve, because the Landing Associ *521 ation disputed that any rights of use had been reserved in its Common Area.
Old Republic National Title Insurance Company defended the Preserve’s individual owners in the action brought by the Landing Association. And it ultimately settled the owners’ part of the case by paying the Landing Association $55,000 to quiet the right of Preserve lot owners to use the Common Area — basically giving Preserve lot owners what they thought they had purchased from the Buie Family Trust in the first place. Old Republic then filed a cross-claim, as a subrogee of the Preserve’s individual lot owners, alleging that the Buie Family Trust had breached warranties by conveying hollow easements and use rights to Preserve lot owners. Old Republic later sought summary judgment on its cross-claim and succeeded. The trial court granted its motion, concluding that the Landing-related easement originally reserved to the developer did not include rights of use in the Common Area. Thus the Buie Family Trust had breached the warranty and covenant of title in the deeds they had given to lot owners in the Preserve by purporting to convey rights in the Common Area that they didn’t possess. Mr. Buie, Sr. and the Buie Family Trust appealed.
II.
A.
We review issues arising from the grant of final summary judgment and involving the interpretation of property agreements de novo, as if considering the question for the first time. Citizens Prop. Ins. Corp. v. Mallett, 7 So.3d 552, 556 (Fla. 1st DCA 2009); Leesburg Cmty. Cancer Ctr. v. Leesburg Reg’l Med. Ctr., Inc., 972 So.2d 203, 206 (Fla. 5th DCA 2007).
B.
The sole issue to be determined in this appeal concerns the breadth of the easement reserved by the developer and Buie Family Trust in the Bluebird Landing Common Area. When the developer in this case conveyed the Common Area to the Bluebird Landing Association, he did so under the following terms:
Developer hereby reserves for himself, his heirs, successors and assigns, a perpetual, non-exclusive easement and right of ingress and egress over and across all ... Common Areas.
The parties dispute the scope of this reservation and specifically whether the easement included a right of use in the Common Area. When determining whether an easement conveys a particular right, the rules of contract interpretation apply, giving effect to the plain meaning of the terms as stated. Sandlake Residences, LLC v. Ogilvie, 951 So.2d 117, 119 (Fla. 5th DCA 2007). From the plain language in this case it appears that the Developer reserved two things: “a perpetual, nonexclusive easement and right to ingress and egress.” “And” is conjunctive and means that both conditions apply, see, e.g., McDonald v. Browne-McDonald, 125 So.3d 833, 835 (Fla. 4th DCA 2013). For this reason, we cannot agree with the interpretation in the summary judgment order that the reservation to developer only included the right of ingress and egress over the Common Area. This conclusion fails to give due effect to the “and.”
Which leads to the issue of what to do about an “easement” granted in the absence of a stated purpose. The term “easement” encompasses the right to use the land of another. One Harbor Fin. Ltd. Co. v. Hynes Properties, LLC, 884 So.2d 1039, 1044 (Fla. 5th DCA 2004) (citing Black’s Law Dictionary 527 (Bryan A. Garner ed., 7th ed. West 1999)). But, as *522 Appellee notes, an easement is a right to use another’s land “for some particular purpose or purposes.” Id.; Hayes v. Reynolds, 132 So.2d 781 (Fla. 1st DCA 1961). The parties make conflicting arguments here about the proper parameters of the easement reserved by the developer in this case, but nothing is clear from the face of the easement itself. We cannot read the reservation as Appellants do as giving the Buie Family Trust an unlimited usage right in the Common Area, any more than we can embrace Appellee’s view that the unstated purpose of the easement in this case essentially nullifies it. See Am. Quick Sign, Inc. v. Reinhardt, 899 So.2d 461, 466 (Fla. 5th DCA 2005) (failing to state an easement’s purpose in the creating document is not a fatal flaw). Instead, the easement here is ambiguous because its full scope isn’t defined, or knowable from the language of the reservation itself.
In cases like this “where the wording is ambiguous such that the scope of the easement cannot be determined from the plain meaning of the language employed, the legal extent of the right must be ascertained from the intention of the parties [when the easement was created].” Walters v. McCall, 450 So.2d 1139, 1142 (Fla. 1st DCA 1984) (emphasis deleted); Hillsborough Cnty. v. Kortum, 585 So.2d 1029, 1031 (Fla. 2d DCA 1991), review denied, 598 So.2d 76 (Fla.1992). The intent of the parties is paramount and the trial court must ascertain and give effect to that intention. See Seven Hills Inc. v. Bentley, 848 So.2d 345, 360 (Fla. 1st DCA 2003) (Polston, J., concurring). Here, because the parties’ intentions cannot be deduced from plain language offered on summary judgment below, other evidence should be adduced to determine the issue. “It is a well-established legal principle that if a written contract is ambiguous so that the intent of the parties cannot be understood from an inspection of the instrument, extrinsic or parol evidence of the subject matter of the contract, of the relation of the parties, and of the circumstances surrounding them when they entered into the contract may be received in order to properly interpret the instrument.” Lemon v. Aspen Emerald Lakes Assocs., Ltd., 446 So.2d 177, 180 (Fla. 5th DCA 1984); Corrigans v. Sebastian River Drainage Dist., 223 So.2d 57, 58 (Fla. 4th DCA 1969) (noting that the trial court “based its interpretation of the easement on evidence relating to the character of the dominant and ser-vient land, its use, and the situation of the parties to the easement, at the time the easement was created.”). On remand, the parties shall have the opportunity to provide additional evidence regarding the developer’s and Landing Association’s original intentions concerning the scope of the easement reserved to the developer.
III.
We thus REVERSE and REMAND for further proceedings consistent with this opinion.
LEWIS and MARSTILLER, JJ., concur.

. Appellants filed a notice on May 14, 2015, alerting the court to the death of Mr. Buie, Sr., who had been an appellant in this matter. His son, the personal representative of his estate, has been substituted as a party. Prior to die litigation, Mr. Buie, Sr. conveyed the property interests at issue in this case to the Hugh A. Buie, Sr. Irrevocable Family Trust (Buie Family Trust).