# Third District Court of Appeal

## State of Florida

Opinion filed November 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2271
Lower Tribunal No. 16-11934
_____

**Five Seas Investors, Inc.,**
Appellant,

vs.

**Armando Guzman, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Saul Ewing Arnstein & Lehr LLP, and Franklin L. Zemel, Alan R. Poppe, and Ariel R. Deray (Fort Lauderdale), for appellant.

Ritter Chusid, LLP, and Shawn R. Horwick and Gary S. Rosner (Coral Springs); Isriel Ponzoli, P.A., and Ronald J. Isriel; Shutts & Bowen LLP, and Steven M. Ebner, Stephen T. Maher, and Jamie B. Wasserman, for appellees.

Before ROTHENBERG, C.J., and SALTER and LOGUE, JJ.

LOGUE, J.

Five Seas Investors, Inc. ("the Hotel"), which owns the Newport Beachside Hotel, appeals the trial court's order dismissing with prejudice its counterclaim against the La Perla Condominium Association, Inc. (the "Condominium") and third party complaint against various individual unit owners at the La Perla Condominium.[1]  We reverse.

Background

La Perla Condominium is a 326-unit residential condominium located in Sunny Isles Beach, Florida. It is situated on land previously owned by the Hotel. When the Hotel sold the portion of its land on which the Condominium was developed, the Hotel granted the Condominium the right to balloon the sides of the Condominium tower, apparently to allow the floors containing the parking garage to project over the air space of the Hotel. In exchange, the Hotel was granted non-exclusive easements for using the Condominium's driveway for commercial deliveries, garbage removal, valet parking, and similar matters. This understanding was reflected in an easement agreement. As constructed, the Condominium had balconies.

In May 2016, approximately a decade after the construction of the Condominium, the Condominium sued the Hotel for breach of the reciprocal

---

[1] The individual unit owners are appellees, Armando and Miriam Guzman, Sophia Barchenko as Trustee of the Sophia Barchenko Trust, Samer El Fashby and Nada Nisevic, Justin Fuhrmann, and Gary Miselevich.

2

easements and trespass. The complaint alleged the Hotel improperly exceeded the scope of the easement agreement by, among other things, converting certain of the Condominium's common elements for the Hotel's exclusive use and clandestinely using the Condominium's electrical supply. One year into the litigation, the Hotel filed the counterclaim and the third party complaint against the individual unit owners at issue in this appeal. The counterclaim and third party complaint alleged that the Condominium's balconies on floors 39 to 43 encroached upon the Hotel's air rights. Five Seas filed a lis pendens against the affected units.

The Condominium and the individual unit owners moved to dismiss the counterclaim and the third party claims. They argued (1) the four-year statute of limitations had run on the trespass claims because the balconies were constructed in 2006 and the claims were not asserted until 2017; and (2) the easement agreement between the parties permitted the extension of the balconies over the Hotel's property. On October 16, 2017, the trial court entered an order granting the motions to dismiss with prejudice.

On May 7, 2018, the court entered a subsequent order denying the Hotel's motion for reconsideration and clarifying the prior dismissal order. The court clarified that its dismissal was not based on the statute of limitations argument but was based solely on its holding that the Hotel's claims "are plainly negated by the Easement Agreement." This appeal followed.

Analysis

Our review of the trial court's interpretation of the easement agreement is de novo. Tarafa v. Takach, 934 So. 2d 524, 526 (Fla. 3d DCA 2005) (citing Langner v. Binger, 503 So. 2d 1362, 1363 (Fla. 3d DCA 1987)). It is well settled that "[w]hen determining whether an easement conveys a particular right, the rules of contract interpretation apply, giving effect to the plain meaning of the terms as stated." Buie v. Bluebird Landing Owner's Ass'n, Inc., 172 So. 3d 519, 521 (Fla. 1st DCA 2015) (citing Sandlake Residences, LLC v. Ogilvie, 951 So. 2d 117, 119 (Fla. 5th DCA 2007)).

The easement agreement provides in pertinent part:

(a) Five Seas' Grant of Easements to the La Perla Property. Five Seas, as the owner of the Five Seas Property, hereby subjects the Five Seas Property to the following perpetual non-exclusive easements, which are hereby granted for the use and benefit of the owners and occupants from time to time of the La Perla Property, including (without limitation) the Unit Owners and the Condominium Association, and, their respective guests, tenants, contractor and invitees:

> (i) Non-exclusive easements, for subjacent and overhead support, encroachments and air rights, for <u>any portions</u> of the Condominium which may extend over, under or upon the Five Seas Property including, (<u>without limitation</u>), those portions of the Condominium which may now or hereafter overhang and extend above that portion of the Newport Hotel described as "Easement A," <u>only to the extent such portions of the Condominium are located within the area shown in the sketch and legal description attached hereto as Exhibit "4,"</u>

> which rights shall be exclusive to the La Perla Property with respect to "Easement A," and any other encroachment which may hereafter occur as a result of field conditions, settling or shifting of the Condominium, or otherwise, whether in connection with the initial construction thereof or any alteration or repair thereof after damage by fire or other casualty or any taking of all or any portion of the Condominium by condemnation or eminent domain proceedings.

(Emphasis added).

The trial court apparently accepted the argument of the Condominium and the unit owners that this agreement granted them air rights to build over "any portion" of the Hotel's property "without limitation." This far-reaching interpretation would grant the Condominium the right to build over all of the Hotel's air space. We cannot read the agreement so expansively. In particular, this broad interpretation fails to give adequate consideration to the explicit language limiting the grant of rights "only to the extent such portions of the Condominium are located within the area shown in the sketch and legal description attached hereto as Exhibit '4.'"

The sketch and legal description contained in Exhibit 4 clearly delineate the highest and lowest elevation of the air rights granted. It limits the air rights granted to "[t]he . . . described perimetrical boundaries lying within the elevation of +45.75 feet and +115.00 feet relative to the National Geodetic Vertical Dotum of 1929. And containing 3.401 [sic] square feet, or 0.078 acres more or less." Here, the

5

balconies at issue are built from the 39th to 43rd floors of the tower -- well above the 115-foot maximum elevation of the easement granted in Exhibit 4.

Accordingly, we reverse the dismissal of the counterclaim and the third party claims and remand for further proceedings. In so ruling, we do not reach the statute of limitations defense because it was not considered by the trial court. Also we are not foreclosing the possibility that a defense could be raised under the language of the easement agreement which permits "any other encroachment which may hereafter occur as result of field conditions, settling or shifting of the Condominium, or otherwise, whether in connection with the initial construction [or in certain other situations]." But such a factually based defense is not before us when considering the grant of the subject motion to dismiss.

Reversed and remanded.

**ANY POST-OPINION MOTION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE POST-OPINION MOTION MAY BE FILED WITHIN FIVE DAYS THEREAFTER.**